RUDY G. STANKO, APPELLANT, V. ROBERT CHALOUPKA ET AL., APPELLEES.

474 N.W.2d 470

Filed September 20, 1991.   No. 89-466.

Rudy G. Stanko, pro se.

Francis L. Winner, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Appellant, Rudy G. Stanko, sued for damages allegedly arising from the claimed failure of appellees, Robert Chaloupka and the law office of Van Steenberg, Brower, Chaloupka, Mullin, and Holyoke, P.C., to provide him with proper legal representation. The district court dismissed the action with prejudice as a consequence of appellant's refusal to comply with its discovery orders. We affirm.

The record demonstrates that appellant has, without proper legal cause, steadfastly obstructed appellees' legitimate discovery efforts. For example, notwithstanding the fact that he was properly ordered to do so by the district court, appellant refused to produce documents relating to the damages he claims, produce documents relating to the running of the applicable period of limitations, and answer relevant interrogatories. He also refused to be deposed.

Neb. Ct. R. of Discovery 37(b)(2)(C) (rev. 1989) provides that upon the failure of a party to comply with an order to permit discovery, the court may sanction the failing party by, among other things, dismissing the action. As recently observed, the discovery process permits the exploration of all available and properly discoverable information in order that the fact issues in controversy may be narrowed to the end that the ensuing trial may be conducted efficiently and economically. In addition, the process makes adequate pretrial preparation possible, thereby providing a basis for an informed cross-examiner and informative cross-examination. The process also helps eliminate the element of surprise, a

circumstance which might lead to a result based more on legal maneuvering than on the merits of the case. *Norquay v. Union Pacific Railroad*, 225 Neb. 527, 407 N.W.2d 146 (1987). Thus, this court will not permit litigants to impede an opponent's legitimate discovery efforts through unfounded recalcitrance. As noted in *Aetna Cas. & Surety Co. v. Dickinson*, 216 Neb. 660, 345 N.W.2d 8, 9 (1984), " 'play[ing] games' " with the courts will not be tolerated. We thus affirmed the entry of default judgment against defendants for failing to comply with an order directing the production of documents.

The dismissal of a plaintiff's action for failure to comply with a proper discovery order is but the obverse of entering default judgment against a defendant who fails to comply with such an order. Thus, just as entering default judgment may be an appropriate sanction for an unjustifiably obstructionist defendant, so may the dismissal of the action be an appropriate sanction for an inexcusably recalcitrant plaintiff.

Inasmuch as the discovery rules of this jurisdiction are generally and substantially patterned after the corresponding discovery rules in the Federal Rules of Civil Procedure, *Sikyta v. Arrow Stage Lines*, 238 Neb. 289, 470 N.W.2d 724 (1991), federal court pronouncements concerning the federal rules of discovery provide helpful guidance with respect to the application of our discovery rules. It is therefore appropriate to note that the U.S. Court of Appeals for the Eighth Circuit approves dismissing an action because of a plaintiff's failure to comply with a proper discovery order. *Omaha Indian Tribe v. Tract I—Blackbird Bend Area*, 933 F.2d 1462 (8th Cir. 1991).

To be sure, an appropriate sanction under our rule 37 is to be determined in the factual context of the particular case, *Norquay v. Union Pacific Railroad, supra*, but it is a matter which initially rests in the discretion of the trial court, and its rulings with respect thereto will not be disturbed on appeal absent a showing of an abuse of that discretion, *Engleman v. Nebraska Public Power Dist.*, 228 Neb. 788, 424 N.W.2d 596 (1988), and *Chief Indus. v. Hamilton Cty. Bd. of Equal.*, 228 Neb. 275, 422 N.W.2d 324 (1988).

There being nothing in the record before us which demonstrates that the district court abused its discretion in

dismissing appellant's action, the judgment of dismissal is affirmed.

AFFIRMED.

WHITE, J., not participating.