STEVEN L. BOOTH, APPELLEE, V. BLUEBERRY HILL RESTAURANTS, INC., APPELLANT.

513 N.W.2d 867

Filed April 1, 1994. No. S-92-474.

Terry K. Gutierrez, of Gast & Peters, for appellant.

Steven J. Riekes, of Richards, Riekes & Zabin, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WRIGHT, J.

Steven L. Booth sued Blueberry Hill Restaurants, Inc., for injuries which occurred when Booth was attacked and beaten while in the Blueberry Hill parking lot. Blueberry Hill failed to answer interrogatories as ordered by the court, and as a sanction, the court dismissed Blueberry Hill's answer to Booth's petition, entered judgment on liability against Blueberry Hill, and awarded expenses in favor of Booth in the amount of $875. Blueberry Hill appeals the trial court's order striking its answer and entering a judgment on liability.

## SCOPE OF REVIEW

Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings with respect thereto will not be disturbed on appeal absent a showing of an abuse of that discretion. *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991).

## FACTS

Blueberry Hill operated a bar at 8141 West Center Road in Omaha, Douglas County, Nebraska. On December 8, 1989, Booth was a customer of Blueberry Hill and left its premises about 1 a.m. At approximately 1:15 a.m., while standing in Blueberry Hill's parking lot, Booth was struck on the side of his head, knocked to the ground, and beaten on and about his face.

On May 9, 1990, Booth filed a petition alleging that on numerous occasions prior to and after December 8, 1989, other individuals who were business invitees on Blueberry Hill's premises had been assaulted under conditions similar to those experienced by Booth. He alleged that Blueberry Hill should have known that such conduct or occurrences were likely to occur in the future and would constitute a threat to the safety of persons such as Booth.

Booth alleged that Blueberry Hill was negligent in not taking

proper precautions to control, supervise, and manage its premises and in failing to protect Booth while he was on the premises. Booth also alleged that Blueberry Hill, in the exercise of reasonable care, should have known that the previous unlawful assaults occurring before December 8, 1989, constituted an unreasonable risk of harm to Booth and that Booth should have been warned of the danger.

On November 21, 1991, Booth served written interrogatories upon Blueberry Hill pursuant to Neb. Ct. R. of Discovery 33(a) (rev. 1992). According to rule 33(a), each interrogatory is to be repeated and answered separately and fully in writing under oath, unless objected to, and a copy of the answer, and objections if any, shall be served within 30 days after the service of the interrogatories. When no answers were provided by Blueberry Hill, Booth filed a motion to compel discovery. On December 27, the trial court gave Blueberry Hill until January 3, 1992, to answer Booth's interrogatories. Blueberry Hill failed to file its answers, and on January 9, Booth filed a motion to strike Blueberry Hill's answer and for expenses and attorney fees.

At the time of the January 21, 1992, hearing on the motion to strike, the answers to interrogatories had still not been received. The court noted that the case had been dismissed on July 2, 1991, and then reinstated on July 11. The court also noted that the certificate of readiness had been extended first from November 1 to November 30, 1991, then extended to February 1, 1992, and again extended until March 1.

Blueberry Hill's attorney stated that although he had not delivered answers signed by his client, he had previously supplied Booth's counsel with unacknowledged answers. Blueberry Hill's counsel submitted an affidavit in further explanation, which stated that the managing agent for Blueberry Hill was not a resident of Omaha, had no telephone at his residence, and did not receive mail at his residence due to the absence of a mailbox. The only means of contacting the agent was by leaving telephone messages for him at a relative's house or at a tavern in Des Moines, Iowa. After many repeated attempts to contact the agent, counsel finally contacted the agent on January 8, 1992, by telephoning a particular tavern in

Des Moines. The agent acknowledged receipt of the interrogatories and represented that answers to the interrogatories had been completed and forwarded to the affiant. As of January 9, the date of the affidavit, the affiant had not received the answers to the interrogatories. No other explanation was given for the failure to properly file answers to the interrogatories.

The court sustained Booth's motion to strike, entered judgment on the issue of liability, and awarded Booth expenses totaling $875. The issue of damages was to be determined at an evidentiary proceeding.

On May 14, 1992, the parties stipulated that if a jury were duly impaneled and sworn, if evidence were adduced, and if the jury were duly instructed on the issue of damages, it would return a verdict in the amount of $50,000. Judgment was entered in favor of Booth against Blueberry Hill in the amount of $50,000 together with interest and costs.

## ANALYSIS

On appeal, the only issue is whether the trial court abused its discretion in entering the default judgment on liability when Blueberry Hill failed to respond to the court's order directing that it answer Booth's interrogatories by January 3, 1992. A court's rulings concerning sanctions will not be disturbed on appeal absent a showing of an abuse of discretion. *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives the litigant of a substantial right or a just result in matters submitted for disposition to a judicial system. *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994).

Neb. Ct. R. of Discovery 37(b)(2)(C) (rev. 1992) provides that upon the failure of a party to comply with an order to permit discovery, the court may sanction the failing party by dismissing the action. *Stanko v. Chaloupka, supra.* The determination of the appropriate sanction is to be considered in the factual context of the particular case. *Id.*

In this case, after repeated attempts by Blueberry Hill's counsel to obtain sworn answers to Booth's interrogatories, the managing agent failed to comply with the court's order setting a January 3 deadline. At the time of the hearing, which was originally scheduled for January 10 and then continued to January 21, no answers had been filed by Blueberry Hill.

In *Norquay v. Union Pacific Railroad*, 225 Neb. 527, 407 N.W.2d 146 (1987), we recognized that sanctions under rule 37 exist to punish a litigant or counsel who might be inclined or tend to frustrate the discovery process. Under rule 37, the appropriate sanction is to be determined from the factual context of the particular case and is left to the discretion of the trial court. The "hierarchy of harshness in permissible sanctions under Rule 37" ranges from reimbursement of expenses incurred as a result of noncompliance to a default judgment. *Norquay*, 225 Neb. at 540, 407 N.W.2d at 155.

In *Aetna Cas. & Surety Co. v. Dickinson*, 216 Neb. 660, 345 N.W.2d 8 (1984), we affirmed the entry of a default judgment against the defendants for failure to comply with an order directing the production of documents. We noted that entering a default judgment was an appropriate sanction for an unjustifiably obstructionist party. The plaintiff in *Aetna Cas. & Surety Co.* filed a motion to require the defendants to produce documents by November 17, 1980. For reasons which were not clear from the record, the motion for sanctions was overruled, and the court again ordered production of the documents by February 19, 1981. The defendants did not comply, and on March 11, the court sustained a motion for sanctions and entered a default judgment against the defendants. We held that the trial court was correct in its refusal to set aside the default judgment and that the case clearly established that some individuals believe they can "play games" with the courts.

In *Stanko*, we affirmed the dismissal of the plaintiff's action for failure to comply with a discovery order. The record demonstrated that the plaintiff, without proper cause, steadfastly obstructed the defendants' legitimate discovery efforts. Notwithstanding the fact that the plaintiff was properly ordered to do so by the court, he refused to produce documents relating to the damages he claimed, to produce documents

relating to the running of the applicable statute of limitations, and to answer relevant interrogatories. The plaintiff also refused to be deposed. We stated that the appropriate sanction under rule 37 is a matter which initially rests within the discretion of the trial court and that the trial court's ruling will not be disturbed on appeal absent a showing of an abuse of that discretion.

Blueberry Hill concedes that sanctions should be imposed in this case for failure to timely file answers to the interrogatories and that it bears the burden to show that the discovery sanction was clearly untenable, depriving it of a substantial right and denying it a just result. See *In re Interest of C. W. et al.*, 239 Neb. 817, 479 N.W.2d 105 (1992).

Rule 37 in essence contains two elements. The first element permits the party requesting discovery to make application for an order compelling discovery. The sanctions against the party whose conduct necessitated the court order shall include attorney fees unless the court finds that the opposition to the motion was substantially justified or that other circumstances make such an award of expenses unjust. The second element provides for much more serious sanctions by the court because the sanctions are imposed for failure to comply with the order of the court. If a party chooses to ignore the order of the court, the party risks the sanction that the court chooses to impose, which may be the entry of a judgment.

We find no abuse of discretion by the district court. The judgment of the district court is affirmed.

AFFIRMED.