JEWELL GREENWALT, APPELLEE, V. WAL-MART STORES, INC.,
AN ARKANSAS CORPORATION, APPELLANT.

567 N.W.2d 560

Filed August 22, 1997.    Nos. S-95-1072, S-95-1362.

Philip M. Kelly and Jerald L. Ostdiek, of Nichols, Douglas, Kelly, and Meade, P.C., for appellant.

Michael J. Javoronok, of Michael J. Javoronok Law Firm, and Robert P. Chaloupka, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and McCORMACK, JJ.

CONNOLLY, J.

The appellee, Jewell Greenwalt, brought this negligence action in the district court for Scotts Bluff County against the appellant, Wal-Mart Stores, Inc. The district court entered a judgment on the issue of liability against Wal-Mart after Wal-Mart failed to comply with discovery orders which it asserted violated the attorney-client privilege and work product doctrine. After a trial on the issue of damages only, the jury returned a verdict awarding Greenwalt $186,140.11.

In deciding this appeal, we are required to determine the proper procedures and guidelines for asserting and addressing claims of the attorney-client privilege and/or work product doctrine. We also address the district court's decisions not to disqualify Greenwalt's counsel and to award Greenwalt attorney fees and expenses in connection with Wal-Mart's discovery disputes and original action for a peremptory writ of mandamus.

We conclude that Wal-Mart waived its claim to have Greenwalt's counsel disqualified and failed to meet its burden of proving that the documents Greenwalt sought to discover were protected by the attorney-client privilege or work product

doctrine. We also determine that the district court did not abuse its discretion in awarding Greenwalt attorney fees in connection with Wal-Mart's discovery disputes, but abused its discretion in awarding Greenwalt attorney fees and expenses in connection with Wal-Mart's original action for a peremptory writ of mandamus in this court. Accordingly, we affirm in part, and in part reverse.

## BACKGROUND

Greenwalt fractured the femur bone of her left leg when she was knocked down by 8 to 12 falling ironing boards while attempting to extract mothballs from a shelf with a cane at a Wal-Mart store in Scottsbluff, Nebraska. As a result, Greenwalt brought this action against Wal-Mart for damages, alleging numerous grounds of negligence.

Wal-Mart filed a motion to disqualify Greenwalt's counsel, the law firm of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder, and Hofmeister, P.C. (Van Steenberg), because of an alleged conflict of interest. More specifically, Wal-Mart asserted that Van Steenberg had formerly represented it in cases that are substantially related to the instant case. The district court denied Wal-Mart's motion, and Wal-Mart did not seek an interlocutory appeal.

During discovery, Greenwalt served interrogatories on Wal-Mart asking whether it was "aware of any other person or entity who claims to have been injured and/or suffered damage or reported that unrestrained product fell on that person causing them injury or to fall." Wal-Mart answered by objecting to the interrogatory on the grounds that it is "too broad in its scope and has no specific relationship to [Greenwalt's] cause of action."

After reading a Denver Post newspaper article, Greenwalt's counsel requested that Wal-Mart produce a 334-page internal report of injuries from falling products it prepared and produced in the Colorado case Scharrel v. Wal-Mart. Wal-Mart refused to produce the report as requested by Greenwalt, asserting that the documents were protected by the attorney-client privilege or work product doctrine. Greenwalt then filed a motion to compel discovery and attached the Denver Post article as an exhibit. In response, Wal-Mart filed a motion for protective order with regard to the report. After a hearing, the district court ordered

Wal-Mart to produce the report, but restricted the use of the report to the purposes of this litigation. Wal-Mart produced the report.

Greenwalt then served a second request for production on Wal-Mart, seeking "[a]ll documents regarding customer or employee injuries, including OSHA documents, resulting from falling objects at Wal-Mart stores nationally" and "Wal-Mart's computer records concerning customer/employee accidents at Wal-Mart stores nationally for the past five years in print-out or computer disk form."

In its answer, Wal-Mart objected to Greenwalt's second request for production based upon the attorney-client privilege and work product doctrine and again filed a motion for a protective order. In response, Greenwalt filed a motion to compel production of the documents. At the hearing on the matter, Wal-Mart offered the affidavit of Pat Glisson, systems coordinator of the legal team for Wal-Mart, and that of Pam Lee, systems manager for Claims Management, Inc., the third-party administrator on behalf of National Union Fire Insurance Company of Pittsburgh, Wal-Mart's insurer. Glisson's affidavit states in pertinent part:

> When a lawsuit is filed, the claims file from [C]laims Management, Inc. is forwarded to the legal team. The claim is then entered on the Lawtrac system with generic information concerning the lawsuit, including the name of the claimant, the case number, name of counsel, where it is filed, the store number, the court, filing date, and the date of the incident. The member of the legal team handling the claim then makes diary entries based upon review of pleadings and correspondence and communications with outside counsel. The legal team is composed of attorneys and paralegals. The diary entries on the Lawtrac system for each case are generated by these attorneys and paralegals. At the conclusion of the case, a litigation summary text is prepared by the member of the legal team when the case is closed . . . .
>
> . . . .
> It is our position that all of the diary items that may exist in the Lawtrac records would be attorney work prod-

uct because these notations were generated by Wal-Mart staff attorneys and paralegals.

Lee's affidavit states in pertinent part:

The computer records would contain diary entries from claims people handling the claim for Claims Management, Inc. Those records are generated for ultimate use by the legal team if a lawsuit is filed.

. . . .

. . . The workers comp file contain [sic] diary entries from claims representatives, which may ultimately be used in litigation if a workers comp lawsuit is filed.

In a journal entry, the district court ordered Wal-Mart to produce within 15 days "[a]ll documents [for the last 5 years] regarding customer or employee injuries including OSHA documents resulting from falling objects at Wal-Mart Stores nationwide." The district court also allowed Greenwalt to "search the computer records of Wal-Mart concerning all [falling merchandise] accidents nationally for the past five (5) years at [Greenwalt's] expense." In addition, Wal-Mart was ordered to "furnish within fifteen (15) days a printout or computer disc of their computer data file regarding these records." Wal-Mart was also ordered to "inform [Greenwalt] as to the location of the hard copy material/files relating to . . . all customer/employee [falling merchandise] accidents and make such records available to [Greenwalt] for review upon request."

In response to this discovery order, Wal-Mart sought leave in this court to commence an original action for a peremptory writ of mandamus. The petition for mandamus asked this court to compel the district court to reverse its discovery order. Greenwalt sought to intervene in the action. This court dismissed Wal-Mart's petition for mandamus without comment. In a later journal entry, the district court granted Wal-Mart an extension of time to comply with the discovery order.

Greenwalt then moved for sanctions regarding the discovery disputes, and a hearing was conducted on the issue. In its order, the district court awarded Greenwalt $5,000 in attorney fees for Wal-Mart's failure to comply with discovery requests in connection with the motions to compel discovery, motion for sanctions, and associated hearings held thereon.

When Wal-Mart continued to claim that the documents were protected and failed to timely produce the documents as ordered, Greenwalt moved for an entry of judgment and a fine in the amount of $250,000. After a hearing was held, the district court struck Wal-Mart's answer and entered a judgment on the issue of liability against Wal-Mart. After a trial on the issue of damages only, the jury returned a verdict awarding Greenwalt $186,140.11. After the verdict, the district court held a hearing and awarded Greenwalt attorney fees and expenses in the sum of $6,891 relating to Wal-Mart's action for a peremptory writ of mandamus.

## ASSIGNMENTS OF ERROR

Rephrased, Wal-Mart asserts that the district court erred in (1) overruling Wal-Mart's motion to disqualify Van Steenberg, (2) ordering Wal-Mart to produce certain documents that it claimed were protected by the attorney-client privilege and work product doctrine, (3) striking Wal-Mart's answer and entering a judgment on the issue of liability against Wal-Mart for its failure to comply with discovery orders, (4) awarding Greenwalt attorney fees for Wal-Mart's failure to comply with Greenwalt's discovery requests, and (5) awarding Greenwalt attorney fees relating to Wal-Mart's action for a peremptory writ of mandamus.

## STANDARD OF REVIEW

When reviewing the applicability of the attorney-client privilege and/or work product doctrine, an appellate court reaches a conclusion independent of the lower court's ruling.

Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings with respect thereto will not be disturbed on appeal absent a showing of an abuse of that discretion. *Booth v. Blueberry Hill Restaurants*, 245 Neb. 490, 513 N.W.2d 867 (1994); *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991).

On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *Rapp v. Rapp*, 252 Neb. 341, 562 N.W.2d 359 (1997); *Shockley v. Shockley*, 251 Neb. 896, 560 N.W.2d 777 (1997).

## ANALYSIS

### Motion to Disqualify Counsel

Wal-Mart first asserts that the district court erred in overruling Wal-Mart's motion to disqualify Van Steenberg because the firm formerly represented Wal-Mart in cases that are substantially related to the instant case.

In *CenTra, Inc. v. Chandler Ins. Co.*, 248 Neb. 844, 854, 540 N.W.2d 318, 327 (1995), this court held that "when an appeal from an order denying [attorney] disqualification involves issues collateral to the basic controversy, and when an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, the party should seek mandamus or other interlocutory review." See, also, *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997).

In the instant case, the disqualification issue is collateral to the basic negligence controversy, and this appeal does not protect Wal-Mart's interests because Van Steenberg has already represented Greenwalt throughout this action. Thus, we conclude that Wal-Mart waived its claim because it did not seek a peremptory writ of mandamus or any other interlocutory review of the district court's denial of Wal-Mart's motion to disqualify Greenwalt's counsel.

### Guidelines for Asserting Claims of Attorney-Client Privilege or Work Product Doctrine

Wal-Mart next asserts that the district court erred in ordering it to produce certain documents that it claims were protected by the attorney-client privilege and work product doctrine.

Neb. Rev. Stat. § 27-503 (Reissue 1995) (attorney-client privilege) states in pertinent part:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (a) between himself or his representative and his lawyer or his lawyer's representative, or ... (e) between lawyers representing the client.

See, also, Canon 4, DR 4-101, of the Code of Professional Responsibility.

Neb. Ct. R. of Discovery 26(b)(3) (rev. 1996) (work product doctrine) states in summary that a party may refuse to disclose documents and tangible things prepared in anticipation of litigation or for trial.

This court has not previously been called upon to set out the burden of proof or the standard of review with regard to the applicability of the attorney-client privilege and work product doctrine. We determine that the party asserting the attorney-client privilege or work product doctrine has the burden of proving that the documents sought are protected. See, *McCarthy v. Klein*, 656 N.Y.S.2d 395 (1997); *Dietz v. Doe*, 131 Wash. 2d 835, 935 P.2d 611 (1997). See, also, *Branch v. Wilkinson*, 198 Neb. 649, 256 N.W.2d 307 (1977) (addressing burden of proof with regard to physician-patient privilege).

It is true that on appellate review, decisions regarding discovery are generally reviewed under an abuse of discretion standard. See, *Blair v. Physicians Mut. Ins. Co.*, 242 Neb. 652, 496 N.W.2d 483 (1993); *In re Interest of R.R.*, 239 Neb. 250, 475 N.W.2d 518 (1991). However, because the application of the attorney-client privilege and work product doctrine presents a primarily legal question, we determine our standard of review to be independent of the lower court's ruling. See, *In re Grand Jury Proceedings 88-9 (MIA)*, 899 F.2d 1039 (11th Cir. 1990); *Tornay v. U.S.*, 840 F.2d 1424 (9th Cir. 1988).

Having set forth the burden of proof and the standard of review, our next task is to set forth the procedures and guidelines for asserting and addressing claims of the attorney-client privilege and/or work product doctrine. Although we have not adopted a rule equivalent to Fed. R. of Civ. P. 26(b)(5), a number of federal courts have addressed the problems inherent in the mechanics of asserting the attorney-client privilege and work product doctrine. The dilemmas faced by courts were succinctly addressed in *Snowden by and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 333-34 (D. Kan. 1991):

> [T]he question remains as to how the court can verify that what a party claims is attorney opinion work product is, indeed, what he claims it is. To put it another way, must the court accept, without inquiry, investigation or verification, the defendant's word that documents, records and

other writings are, or contain, attorney opinion work product? To ask the question is to answer it.

Thus, in establishing procedures and guidelines, courts must balance the asserting party's interest in not revealing protected material and the requesting party's interest in not being precluded from discovering material based solely upon the asserting party's unsubstantiated claims. The procedures that some courts have incorporated in an attempt to achieve this balance include the use of privilege logs, indexes, in camera review, et cetera. In an attempt to balance these competing interests, we set forth the following procedures and guidelines.

In response to a motion to compel production, the asserting party must make out a prima facie claim that the privilege or doctrine applies. In order to fulfill this burden, the asserting party must submit a motion for protective order, in affidavit form, verifying the facts critical to the assertion of the privilege or doctrine. See Neb. Ct. R. of Discovery 26(c). The motion for protective order must (1) verify that it accurately describes each of the documents in question; (2) list the documents and provide a summary that includes (a) the type of document, (b) the subject matter of the document, (c) the date of the document, (d) the author of the document, and (e) each recipient of the document; and (3) state with specificity, in a nonconclusory manner, how each element of the asserted privilege or doctrine is met, to the extent possible, without revealing the information alleged to be protected.

The party requesting the material must be given a full and fair opportunity to respond to the motion for protective order. Then, if the district court determines that the party asserting the privilege or doctrine has failed to make out a prima facie claim, it shall order the asserting party to produce the documents. Conversely, if the district court determines that the asserting party has made out a prima facie claim, then it shall (1) order the alleged protected material produced to the court, (2) order the asserting party to submit an index directing the court to the specific portions of each of the listed documents that allegedly constitute protected material, (3) privately review the material outside the presence of all counsel, (4) make a determination of whether the material is protected, and (5) seal the material for purposes of appellate review.

In the instant case, neither the affidavit of Glisson nor that of Lee asserts that the information contained in the requested documents includes confidential communications, as required by the attorney-client privilege. Thus, there is no basis for asserting the attorney-client privilege. The affidavits do state that the documents were prepared in anticipation of litigation by Wal-Mart's attorneys, as required by the work product doctrine. However, the mere conclusory assertion of the privilege or doctrine in the words of the statute or rule is not sufficient. See, e.g., *CSX Transp. Inc., v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421 (M.D. Fla. July 20, 1995); *Ventre v. Datronic Rental Corp.*, No. 92 C 3289, 1995 WL 42345 (N.D. Ill. Feb. 2, 1995); *IBM v. Phoenix Computers Associates*, Civ. No. 5-92-CV-340, slip op. (D. Conn. 1993); *Golden Trade, S.r.L. v. Lee Apparel Co.*, Nos. 90 CIV. 6291 (JMC), 90 CIV. 6292 (JMC) & 92 CIV. 1667 (JMC), 1992 WL 367070 (S.D.N.Y. Nov. 20, 1992). In order to make out a prima facie claim of the attorney-client privilege or work product doctrine, the asserting party must state with specificity, in a nonconclusory manner, how each element of the privilege or doctrine is met, to the extent possible, without revealing the alleged protected information.

From our independent review, we conclude that Wal-Mart failed to assert a prima facie claim of the attorney-client privilege or work product doctrine and that thus, the district court was not obligated to privately review the documents or seal them for appellate review. Accordingly, the district court did not err in ordering the documents produced during discovery.

## JUDGMENT FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

Next, Wal-Mart asserts that the district court erred in striking Wal-Mart's answer and entering a judgment on the issue of liability against Wal-Mart for its failure to comply with discovery orders.

Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings with respect thereto will not be disturbed on appeal absent a showing of an abuse of that

discretion. *Booth v. Blueberry Hill Restaurants*, 245 Neb. 490, 513 N.W.2d 867 (1994); *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997); *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995).

Neb. Ct. R. of Discovery 37(b)(2) (rev. 1996) states in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (C) An order striking out pleadings . . . or rendering a judgment by default against the disobedient party.

In the instant case, Wal-Mart continued to assert that the requested documents were protected and refused to produce the documents as ordered by the district court. Under these facts, we conclude that the district court's order rendering a judgment against Wal-Mart, pursuant to rule 37(b)(2), was not clearly untenable. Accordingly, the district court did not abuse its discretion.

### ATTORNEY FEES FOR FAILURE TO COMPLY
### WITH DISCOVERY REQUESTS

Wal-Mart next asserts that the district court erred in awarding Greenwalt attorney fees for Wal-Mart's failure to comply with Greenwalt's discovery requests. On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *Rapp v. Rapp*, 252 Neb. 341, 562 N.W.2d 359 (1997); *Shockley v. Shockley*, 251 Neb. 896, 560 N.W.2d 777 (1997).

In the instant case, Greenwalt twice filed a motion to compel discovery after Wal-Mart failed to respond to Greenwalt's discovery requests. In each instance, the district court conducted a hearing and granted Greenwalt's motion. After conducting a hearing on Greenwalt's motion for sanctions, the district court entered an order stating:

Upon the evidence adduced, briefs submitted and argument of counsel, the Court finds as follows:

1. Defendant, Wal-Mart, shall be sanctioned for its failure to comply with discovery requests. Plaintiff [Greenwalt] is entitled to attorneys' fees incurred in connection with the Motion to Compel Discovery, Motion for Sanctions and associated hearings held thereon.

Plaintiff is awarded attorneys' fees in the sum of $5,000.00 total for both plaintiff's counsel involved.

Rule 37(a)(4) states that if a motion for order compelling discovery is granted,

the court shall, after opportunity for hearing, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, *unless the court finds that the opposition to the motion was substantially justified* or that other circumstances make an award of expenses unjust.

(Emphasis supplied.)

Implicit in the district court's order is its finding that Wal-Mart's opposition to Greenwalt's motions to compel discovery was not substantially justified. As with Wal-Mart's second motion for a protective order, its first motion failed to make out a prima facie claim that the 334-page internal report requested by Greenwalt was privileged. Thus, we conclude that it was not clearly untenable for the district court to find that Wal-Mart's opposition to Greenwalt's motions to compel discovery was not substantially justified. Accordingly, the district court did not abuse its discretion in awarding Greenwalt attorney fees in connection with the motions to compel discovery, motion for sanctions, and associated hearings held thereon.

### SANCTIONS FOR PEREMPTORY WRIT OF MANDAMUS ACTION

Finally, Wal-Mart asserts that the district court erred in awarding Greenwalt attorney fees and expenses relating to Wal-Mart's action for a peremptory writ of mandamus.

In response to the district court's order for Wal-Mart to turn over the requested documents, Wal-Mart sought leave in this

court to file an original action for a peremptory writ of mandamus. This court dismissed the petition without comment. After the jury verdict, the district court awarded Greenwalt $6,891 for attorney fees and expenses resulting from action taken by Greenwalt in response to Wal-Mart's filing the peremptory writ of mandamus action.

Neb. Rev. Stat. § 25-824(2) (Reissue 1995) states in pertinent part that

> in any civil action *commenced or appealed* in any court of record in this state, *the court* shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

(Emphasis supplied.)

Wal-Mart's petition for a peremptory writ of mandamus was filed in this court, not the district court. Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997); *In re Application of Burlington Northern RR. Co.*, 249 Neb. 821, 545 N.W.2d 749 (1996). The district court has no jurisdiction to grant a motion filed in a fully adjudicated cause of action in the appellate court seeking to supplement the appellate court's order. *K N Energy, Inc. v. Cities of Broken Bow et al.*, 248 Neb. 112, 532 N.W.2d 32 (1995). When an issue as to the subject matter jurisdiction of the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of a reviewing court to raise sua sponte and determine whether the lower court had the power to enter the judgment or other final order sought to be reviewed. See, *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996); *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996).

We conclude that the district court lacked subject matter jurisdiction to determine whether Wal-Mart's mandamus action, filed in this court, was frivolous or made in bad faith.

Accordingly, the district court's judgment awarding Greenwalt attorney fees and expenses in connection with Wal-Mart's mandamus action is void. See *Currie v. Chief School Bus Serv., supra.*

We note that the general rule is that mandamus is not a preventive remedy but essentially a coercive writ, one that commands performance of a duty and not desistance therefrom. *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997); *State ex rel. Bates v. Morgan*, 154 Neb. 234, 47 N.W.2d 512 (1951). See 52 Am. Jur. 2d *Mandamus* § 9 (1970). Clearly, Wal-Mart's petition sought a writ from this court commanding desistance from the district court's discovery order. However, no attorney fees or costs shall be assessed if a claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in this state. § 25-824(5); *In re Estate of Holt*, 246 Neb. 50, 516 N.W.2d 608 (1994). Because Wal-Mart essentially argued for a good faith change in the law by arguing why a writ should be issued in this case, we declined to award attorney fees when we dismissed the petition without comment.

## CONCLUSION

We conclude that Wal-Mart waived its claim to have Greenwalt's counsel disqualified and failed to meet its burden of proving that the documents Greenwalt sought to discover were protected by the attorney-client privilege or work product doctrine. We also determine that the district court did not abuse its discretion in awarding Greenwalt attorney fees in connection with Wal-Mart's discovery disputes, but did abuse its discretion in awarding Greenwalt attorney fees and expenses in connection with Wal-Mart's original action for a peremptory writ of mandamus in this court. Accordingly, we affirm in part, and in part reverse.

AFFIRMED IN PART, AND IN PART REVERSED.

STEPHAN, J., not participating.