Teri Pope-Gonzalez, appellant, v.
Husker Concrete, LLC, appellee.
___ N.W.2d ___

Filed December 24, 2013.    No. A-12-915.

1. **Pretrial Procedure: Appeal and Error.** Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings on appropriate sanctions will not be disturbed on appeal absent a showing of an abuse of that discretion.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when a judge, acting within effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives the litigant of a substantial right or a just result.
3. **Default Judgments: Motions to Vacate.** Unavoidable casualty, which rises to a sufficient ground to vacate a default judgment, must be one preventing a party from prosecuting or defending.
4. **Effectiveness of Counsel.** A pro se litigant is held to the same standards as one who is represented by counsel.
5. ____. Although people have a right to represent themselves, the trial court also has inherent powers to compel conformity to Nebraska procedural practice.
6. **Rules of the Supreme Court: Pretrial Procedure.** There is a difference between noncompliance with one of the discovery rules and noncompliance with an order of the trial court on a discovery matter, and this difference may impact the allowable sanction.
7. **Default Judgments: Pretrial Procedure.** Dismissal or default judgment is an appropriate sanction for failing to comply with a discovery order.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

Teri Pope-Gonzalez, pro se.

Brian S. Kruse, of Rembolt Ludtke, L.L.P., for appellee.

Irwin, Pirtle, and Bishop, Judges.

Pirtle, Judge.
## INTRODUCTION
Teri Pope-Gonzalez (Gonzalez) appeals the order of the district court for Lancaster County granting default judgment for Husker Concrete, LLC, and dismissing Gonzalez' complaint for failure to comply with discovery and the court's orders regarding discovery. For the reasons that follow, we affirm.

## BACKGROUND

Gonzalez filed a complaint against Husker Concrete on November 25, 2008. On September 18, 2009, the district court held a status conference and entered a progression order in which the trial court ordered Gonzalez to provide Husker Concrete certain witness disclosures. Gonzalez failed to disclose any expert witnesses.

The district court granted summary judgment, and Gonzalez' appeal was heard by this court. See *Gonzalez v. Husker Concrete*, No. A-10-1144, 2011 WL 4905527 (Neb. App. Oct. 11, 2011) (selected for posting to court Web site). We found Gonzalez had presented evidence showing the existence of a material issue of fact; thus, the cause was remanded to the district court for further proceedings.

On January 17, 2012, the district court held a status conference and Gonzalez personally appeared. Husker Concrete's counsel informed the court that Gonzalez had not fully responded to or supplemented discovery requests. The court set a new discovery deadline for April 20 and scheduled a pretrial conference for May 17.

On April 20, 2012, Gonzalez filed a motion to extend the discovery deadline and pretrial conference, because she was pro se, ill, and unable to get the paperwork done.

On May 17, 2012, Gonzalez appeared, requesting "a couple more months" to conduct and respond to outstanding discovery. The trial court inquired as to whether Gonzalez still had discovery due to Husker Concrete. Husker Concrete's counsel informed the court that Gonzalez had outstanding discovery requests dating back to 2009 and that she had not complied with the April 20 discovery deadline. She had not responded to the witness disclosures, interrogatories, or requests for production.

The court asked whether Gonzalez would be able to respond to the requests within 60 days, and she said, "Yes, sir." The district court granted the motion and gave her 60 days, until approximately July 17, 2012, to complete discovery. During that status conference, the court specifically noted Gonzalez

would be subject to sanctions if she failed to comply with her discovery and disclosure obligations.

On May 17, 2012, the district court entered a progression order in which the court ordered Gonzalez to provide Husker Concrete, without further request, certain initial disclosures, and expert witness disclosures within 60 days of the date of the order. The court also required Gonzalez to supplement and/or respond to written discovery requests by Husker Concrete in March 2009. The progression order specifically states: "[Gonzalez'] answers to outstanding discovery requests of [Husker Concrete] are due 60 days from the date of this order or [Gonzalez] shall be subject to sanctions." On May 17, 2012, Husker Concrete's counsel resubmitted the necessary discovery requests to Gonzalez.

Gonzalez failed to comply with the district court's orders regarding discovery and disclosure within 60 days. On August 16, 2012, Husker Concrete filed a "Motion for Sanctions, Including Dismissal With Prejudice."

On August 22, 2012, the district court considered Husker Concrete's motion for sanctions. Husker Concrete asserted Gonzalez had not responded to discovery or disclosure requests, and Husker Concrete requested the case be dismissed with prejudice. Gonzalez did not appear at the hearing.

On August 28, 2012, the district court entered an order granting default judgment in favor of Husker Concrete, dismissing Gonzalez' case.

Gonzalez filed a motion to set aside the sanction. Gonzalez did not dispute her noncompliance with the district court's orders. She claimed the default judgment should be vacated, asserting that (1) she had not received notice of the hearing, (2) she had been ill, (3) she did not have an attorney, (4) she did not have copies of the discovery requests, (5) she gave copies of all of the evidence to opposing counsel, (6) Husker Concrete failed to depose her, and (7) dismissal of the action was overly harsh and unjust.

The district court denied Gonzalez' motion to set aside. Gonzalez timely appealed.

## ASSIGNMENTS OF ERROR

Gonzalez assigns that the trial court's sanction was overly harsh and that the court should not have dismissed her claim.

## STANDARD OF REVIEW

[1] Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings on appropriate sanctions will not be disturbed on appeal absent a showing of an abuse of that discretion. *Mandolfo v. Mandolfo*, 281 Neb. 443, 796 N.W.2d 603 (2011).

## ANALYSIS

Gonzalez asserts that the sanction imposed, dismissing the action against Husker Concrete, was "overly harsh" and that the trial court abused its discretion.

[2] We review the imposition of a discovery sanction for abuse of discretion. A judicial abuse of discretion exists when a judge, acting within effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives the litigant of a substantial right or a just result. *Mandolfo v. Mandolfo, supra*.

Gonzalez asserts the sanctions were inappropriate because she did not receive notice of the August 22, 2012, hearing on Husker Concrete's motion for sanctions and because she was sick during the pendency of the case.

The record shows that Husker Concrete provided a copy of the "Motion for Sanctions, Including Dismissal With Prejudice," and the accompanying notice of hearing by mail on August 16, 2012. The record also shows that Gonzalez was aware of her responsibilities to comply with discovery—by April 20, per the district court's order on January 17, and within 60 days of the court's May 17 order. In addition, Gonzalez indicated on May 17 that she had been ill, yet at this same hearing, she also acknowledged that 60 days would be sufficient to complete discovery. Further, in her appeal, she does not claim to have complied with the court's orders. We find this assignment of error is without merit, and the trial court did not abuse its

discretion in imposing sanctions though Gonzalez was absent from the hearing.

With regard to her illness, Gonzalez alleges she was unable to respond to discovery requests within the allotted time. She further alleges her illness arises from the alleged nuisances which gave rise to the underlying complaint.

[3] The Nebraska Supreme Court has found that unavoidable casualty, which rises to a sufficient ground to vacate a default judgment, must be one preventing a party from prosecuting or defending. See *Aetna Cas. & Surety Co. v. Dickinson*, 216 Neb. 660, 345 N.W.2d 8 (1984). In *Aetna Cas. & Surety Co.*, the Supreme Court found that a time period of 4 months from the date that production was ordered was "more than ample time in which to comply with the court's order," where the appellants, a husband and wife, claimed that they were unable to comply due to a head injury allegedly suffered by the husband. 216 Neb. at 663, 345 N.W.2d at 10.

There is little evidence in the record demonstrating how Gonzalez' health affected her ability to complete the requested discovery and disclosures. Regardless, the district court provided her with at least 120 days to comply. Despite this additional time, she failed to comply or respond at all, in violation of the court's order, and in spite of the warning that sanctions would apply if she failed to meet the deadline in July 2012. By August 2012, she still had not disclosed factual witnesses, expert witnesses, or categories of damages.

Upon our review, we find the district court did not abuse its discretion in finding that sanctions were appropriate as a result of Gonzalez' noncompliance.

[4,5] Further, at times during the pendency of this case, Gonzalez has asserted that she is a pro se litigant and that she required additional time to meet deadlines or to respond to opposing counsel's requests. We must note that a pro se litigant is held to the same standards as one who is represented by counsel. *Prokop v. Cannon*, 7 Neb. App. 334, 583 N.W.2d 51 (1998). Although people have a right to represent themselves, the trial court also has inherent powers to compel conformity to Nebraska procedural practice. *Id*. Those powers

might well be used to bring litigation to a timely and orderly conclusion. *Id*.

Having determined that sanctions were appropriate under the circumstances, we consider whether the court abused its discretion in dismissing the case, granting default judgment for Husker Concrete.

The district court has discretion to sanction parties to a lawsuit. Neb. Ct. R. Disc. § 6-337(b)(2) states that if a party fails to obey a court order to provide or permit discovery, the court may impose further "orders in regard to the failure as are just," including "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings on appropriate sanctions will not be disturbed on appeal absent a showing of an abuse of that discretion. *Mandolfo v. Mandolfo*, 281 Neb. 443, 796 N.W.2d 603 (2011).

[6,7] This court has stated that "there is a difference between noncompliance with one of the discovery rules and noncompliance with an order of the trial court on a discovery matter and that this difference may impact the allowable sanction." *Whitney v. Union Pacific R. Co.*, No. A-97-410, 1998 WL 30266 at *12 (Neb. App. Jan. 27, 1998) (not designated for permanent publication), citing *Aetna Cas. & Surety Co. v. Dickinson*, 216 Neb. 660, 345 N.W.2d 8 (1984) (where default judgment was found to be appropriate sanction for unjustifiable obstruction of discovery). The Nebraska Supreme Court has also noted that dismissal or default judgment is an appropriate sanction for failing to comply with a discovery order. See *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991).

The evidence shows that Gonzalez repeatedly failed to respond to discovery requests. On January 17, 2012, she was granted until April 20 to respond to discovery, and her request for 60 additional days was granted on May 17. At that time, the court ordered compliance with the discovery requests and she was informed that sanctions would apply if she failed to respond. She failed to comply with any part of the trial court's

order without showing sufficient justification, and the court granted Husker Concrete's motion for sanctions, dismissing the case. Upon our review, we find this was not an abuse of discretion following Gonzalez' failure to comply with the district court's orders and the rules of discovery.

## CONCLUSION

We find the district court did not abuse its discretion in determining that sanctions were appropriate under the circumstances and granting default judgment in favor of Husker Concrete.

AFFIRMED.