OPINION OF THE SUPREME COURT OF NEBRASKA

NOTICE: DUE TO UNFORESEEN CIRCUMSTANCES, THIS OPINION IS BEING POSTED
TEMPORARILY IN "SLIP" OPINION FORM. IT WILL BE REPLACED AT A LATER
DATE WITH AN "ADVANCE" OPINION, WHICH WILL INCLUDE A CITATION.

Case Title

JODY A. HILL AND DEAN OWEN THORSEN, APPELLEES,
V.
MARK TEVOGT, APPELLANT.

Case Caption

HILL V. TEVOGT

Filed April 22, 2016.    No. S-15-311.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge.
Reversed and remanded for further proceedings.

James D. Sherrets and Jared C. Olson, of Sherrets, Bruno & Vogt, L.L.C., for
appellant.

Brian J. Muench for appellees.

HILL v. TEVOGT

Filed April 22, 2016.   No. S-15-311.

1. **Rules of the Supreme Court: Pretrial Procedure: Appeal and Error.** The determination of an appropriate discovery sanction rests within the discretion of the trial court, and an appellate court will not disturb it absent an abuse of discretion.

2. **Judgments: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

3. **Rules of the Supreme Court: Pretrial Procedure.** The court may sanction a party under Neb. Ct. R. Disc. § 6-337, despite the absence of a prior discovery order.

4. ____: ____. The appropriate sanction under Neb. Ct. R. Disc. § 6-337 depends on the facts.

5. ____: ____. Factors which are relevant to sanctions under Neb. Ct. R. Disc. § 6-337 include the prejudice or unfair surprise suffered by the party seeking sanctions, the importance of the evidence which is the root of the misconduct, whether the court warned the sanctioned party about the consequences of its misconduct, whether the court considered less drastic sanctions, the sanctioned party's history of discovery abuse, and whether the sanctioned party acted willfully or in bad faith.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

CONNOLLY, J.

## SUMMARY

In 2012, Mark Tevogt purchased the interests of Jody A. Hill and Dean Owen Thorsen in a business formed as JGP, LLC. Tevogt financed the purchase by executing a promissory note under which Hill and Thorsen are the payees. Tevogt soon defaulted, and Hill and Thorsen (collectively the plaintiffs) sued him for damages under the promissory note. Tevogt alleged in his answer that the plaintiffs had made misrepresentations and committed fraud. The court overruled the plaintiffs' first motion for summary judgment because of statements Tevogt made in his affidavit about the plaintiffs' failure to inform him of business debts.

The plaintiffs moved for summary judgment again after Tevogt twice failed to attend his deposition. At a hearing on the motion, the plaintiffs asked the court to sanction Tevogt because he had not given them an opportunity to depose him about the statements in his affidavit. The court sanctioned Tevogt by excluding the statements Tevogt made in his affidavit, and ultimately entered summary judgment for the plaintiffs. Tevogt appeals and argues that the court imposed an unduly harsh discovery sanction. We conclude that the severity of the sanction was an abuse of discretion. We therefore reverse the summary judgment and remand the cause for further proceedings.

## BACKGROUND

In 2013, the plaintiffs sued Tevogt, alleging that he had defaulted on a promissory note payable to them. The plaintiffs claimed that the unpaid principal was about $120,000. They asked the court to award them damages for the unpaid principal, with interest accruing from the date of default.

Tevogt listed 12 affirmative defenses in his answer, including "fraud and/or fraud in the inducement." He also included a "Counterclaim" which set out four causes of action: fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and breach of contract. He alleged that the plaintiffs had misrepresented or concealed the financial status of JGP.

The plaintiffs moved for summary judgment and offered an affidavit that Hill signed in February 2014. Hill averred that Tevogt had defaulted on a promissory note with an unpaid principal of about $120,000 and a default interest rate of 6 percent per year. Hill stated that she and Thorsen did not misrepresent JGP's finances or withhold information from Tevogt. She acknowledged that "there was $65,000.00 due" to an underwriter, but stated that JGP's manager told Tevogt about the shortfall.

Tevogt offered his own affidavit. He claimed that the plaintiffs told him that "all bills/expenses/accounts were current." He alleged that after he executed the promissory note, he learned that the "account used for holding premiums collected to be paid to the insurer/underwriter" was "approximately $60,000.00 short." Tevogt further stated that the plaintiffs gave JGP's employees large raises and failed to pay income taxes, which he learned "at the 11th hour before the closing."

The court overruled the plaintiffs' motion for summary judgment. It stated that Tevogt's allegation in his affidavit that the plaintiffs failed to pay income taxes did not create a genuine

issue of material fact, because Tevogt knew about the problem before he signed the promissory note. The court was also not impressed by Tevogt's allegation that the plaintiffs gave JGP's employees large raises, because it reasoned that Tevogt could simply reverse the raises. But the court concluded that Tevogt's statements about a shortfall in the underwriting account created a genuine issue of material fact preventing a summary judgment.

In February 2015, the plaintiffs again moved for summary judgment. They claimed that they had "attempted twice to take [Tevogt's] deposition and [Tevogt] twice failed to appear for said deposition."

At the hearing on their motion, the plaintiffs offered an affidavit signed by Hill in February 2015. The affidavit was largely the same as Hill's February 2014 affidavit, but it included more details about Tevogt's relationship with JGP's business manager. Hill stated that Tevogt learned of the underwriting account shortfall before he executed the promissory note.

The court also received a notice that the plaintiffs sent to Tevogt stating that they intended to depose him on November 4, 2014. The plaintiffs' attorney signed the notice and mailed it to Tevogt's attorney on October 24.

The November 4, 2014, deposition shows that Tevogt's attorney was present, but not Tevogt himself. The plaintiffs' attorney said that the plaintiffs had tried to contact Tevogt's attorney twice before mailing the notice on October 24. On October 29, the plaintiffs' attorney received a postal notification that the notice of deposition sent to Tevogt's attorney had been forwarded to another address. On November 3, Tevogt's attorney left a message for the plaintiffs' attorney stating that Tevogt was "'out of the country all week.'" Tevogt's attorney claimed that he had tried to reschedule.

On December 11, 2014, the plaintiffs tried to depose Tevogt again. Their attorney mailed a notice of deposition to Tevogt's attorney on December 1. Neither Tevogt nor his attorney arrived at the scheduled location.

In the plaintiffs' attorney's affidavit, he stated that Tevogt's attorney had been unresponsive. The plaintiffs' attorney claimed that he had asked Tevogt's attorney for dates when Tevogt would be available after November 4, 2014, but that Tevogt's attorney did not answer.

At the summary judgment hearing, the plaintiffs asked the court to sanction Tevogt:

[W]e're asking the Court that, based upon our inability to question . . . Tevogt on his -- the allegations in his affidavit and the affirmative defense that he raised and that the Court has found previously that there's a factual dispute regarding, that he not be allowed to testify or to offer evidence as to that alleged lack of knowledge, because he hasn't showed up twice for a deposition. I mean, we're trying to cross-examine him as to what he knew and when he knew it.

Tevogt's attorney said that Tevogt was "out of town" for the first deposition. Tevogt's attorney said that when he tried to reschedule, the plaintiffs' attorney "[b]asically said no." As for the second deposition, Tevogt's attorney said he never received the notice. Tevogt's attorney suggested that the court continue the trial so the plaintiffs could depose Tevogt. He promised to "make sure that [Tevogt is] there for it." The plaintiffs' attorney responded that the address of

Tevogt's attorney was hard to pin down and that his "trial calendar for the next three weeks is just loaded."

On March 5, 2015, the court entered an order sanctioning Tevogt by excluding the statements in his affidavit that the plaintiffs had misrepresented the financial status of JGP and did not disclose that JPG's "underwriting account was short $60,000.00." A week later, the court entered a summary judgment for the plaintiffs and dismissed Tevogt's "Counterclaim."

## ASSIGNMENTS OF ERROR

Tevogt assigns, restated, that the court erred by (1) sanctioning him for his failure to attend his depositions and (2) sustaining the plaintiffs' second motion for summary judgment.

## STANDARD OF REVIEW

[1,2] The determination of an appropriate discovery sanction rests within the discretion of the trial court, and an appellate court will not disturb it absent an abuse of discretion.[1] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[2]

## ANALYSIS

Tevogt argues that the court abused its discretion by sanctioning him for his failure to attend two depositions. The parties agree that the court sanctioned Tevogt by excluding the statements in his affidavit that the plaintiffs misrepresented the financial status of JGP and did not disclose an approximately $60,000 shortfall in the underwriting account. This was the only evidence offered by Tevogt to support his affirmative defense of fraud and his counterclaims.

The main purpose of the discovery process is to narrow the factual issues in controversy so that the trial is efficient and economical.[3] The discovery process helps the litigants conduct an informed cross-examination and avoid tactical surprise, a circumstance which might lead to a result based more on legal maneuvering than on the merits of the case.[4]

[3] If the parties fall short of their discovery obligations, Neb. Ct. R. Disc. § 6-337 (rule 37) allows the court to sanction them. In relevant part, rule 37 states:

> (b) Failure to Comply with Order.
> . . . .
> (2) Sanctions by Court in Which Action is Pending. If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

---

[1]  See *Coral Prod. Corp. v. Central Resources*, 273 Neb. 379, 730 N.W.2d 357 (2007).

[2]  *Arens v. NEBCO, Inc.*, 291 Neb. 834, 870 N.W.2d 1 (2015).

[3]  See *Paulk v. Central Lab. Assocs.*, 262 Neb. 838, 636 N.W.2d 170 (2001).

[4]  See *id.*

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him or her from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

. . . .

(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party . . . fails

(1) To appear before the officer who is to take his or her deposition, after being served with a proper notice, or

. . . .

(3) . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Unlike under rule 37(b),[5] the court may sanction a party under rule 37(d), despite the absence of a prior discovery order.[6] Rule 37 resembles Fed. R. Civ. P. 37, so we may look to federal decisions for guidance.[7]

Rule 37 sanctions serve several purposes. First, they punish a litigant or counsel who might be inclined to frustrate the discovery process.[8] Second, they deter those who are tempted to break the rules.[9] Finally, they prevent parties who have failed to meet their discovery obligations from profiting from their misconduct.[10]

[4,5] Even if the court imposes a discovery sanction that amounts to a "death sentence," we review the court's decision for an abuse of discretion.[11] The appropriate sanction under rule

---

[5]  See 7 James Wm. Moore, Moore's Federal Practice § 37.90 (3d ed. 2016).

[6]  See, *Paulk v. Central Lab. Assocs., supra* note 3; *Norquay v. Union Pacific Railroad*, 225 Neb. 527, 407 N.W.2d 146 (1987). See, also, *Guidry v. Continental Oil Co.*, 640 F.2d 523 (5th Cir. 1981); *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989 (8th Cir. 1975); *Robison v. Transamerica Insurance Co.*, 368 F.2d 37 (10th Cir. 1966); *Alexander v. FBI*, 186 F.R.D. 6 (D.D.C. 1998); *Woodstock Ventures LC v. Perry*, 164 F.R.D. 321 (N.D.N.Y. 1996); 7 Moore, *supra* note 5; 8B Charles Alan Wright et al., Federal Practice and Procedure § 2290 (3d ed. 2010).

[7]  See, *Behrens v. Blunk*, 280 Neb. 984, 792 N.W.2d 159 (2010); *Gernstein v. Lake*, 259 Neb. 479, 610 N.W.2d 714 (2000); *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991).

[8]  *Booth v. Blueberry Hill Restaurants*, 245 Neb. 490, 513 N.W.2d 867 (1994).

[9]  See, *Behrens v. Blunk, supra* note 7; *Norquay v. Union Pacific Railroad, supra* note 6.

[10]  *Phillips v. Monroe Auto Equip. Co.*, 251 Neb. 585, 558 N.W.2d 799 (1997).

[11]  *Behrens v. Blunk, supra* note 7, 280 Neb. at 991, 792 N.W.2d at 165.

37 depends on the facts.[12] Relevant factors include the prejudice or unfair surprise suffered by the party seeking sanctions, the importance of the evidence which is the root of the misconduct, whether the court warned the sanctioned party about the consequences of its misconduct, whether the court considered less drastic sanctions, the sanctioned party's history of discovery abuse, and whether the sanctioned party acted willfully or in bad faith.[13]

Tevogt notes that federal courts are reluctant to dismiss a complaint or enter a default judgment as a discovery sanction unless the sanctioned party showed bad faith, willfulness, or fault.[14] We have said that dismissal may be an appropriate sanction for an "inexcusably recalcitrant" party.[15] In a hierarchy of harshness, the exclusion of evidence lies somewhere between the payment of expenses caused by the misconduct and dismissal or default judgment.[16]

We conclude that the court abused its discretion by excluding statements Tevogt made in his affidavit as a sanction for his failure to attend two depositions. The exclusion of the evidence was particularly harsh in this case because it was the only evidence adduced by Tevogt. The court's order did not consider less drastic sanctions, and the court did not warn Tevogt that he faced such a severe penalty. And the willfulness of Tevogt's failure is questionable. His attorney attended the first deposition, despite receiving notice only 1 day earlier, and told the plaintiffs that Tevogt was unable to attend. Tevogt's attorney claimed that he never received notice of the second deposition. Tevogt could, of course, be feigning ignorance as part of a "cagey defense strategy," but that is far from clear on the record before us.[17] Cases in which the court entered a "death sentence" for the sanctioned party's failure to attend his or her deposition tend to involve a pattern of disregard for the discovery rules, prior imposition of less severe sanctions, and warnings that continued noncompliance will be severely dealt with.[18] A party's failure to attend depositions may sometimes warrant a drastic sanction, but this is not such a case.

Because the district court erred in excluding the evidence, it also erred in its order granting summary judgment for the plaintiffs, as the evidence creates a genuine issue of material fact about a shortfall in the underwriting account.

---

[12] *Paulk v. Central Lab. Assocs., supra* note 3; *Booth v. Blueberry Hill Restaurants, supra* note 8; *Stanko v. Chaloupka, supra* note 7; *Norquay v. Union Pacific Railroad, supra* note 6.

[13] See, *Tisdale v. Federal Exp. Corp.*, 415 F.3d 516 (6th Cir. 2005); *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305 (4th Cir. 2001); *LeGrande v. Adecco*, 233 F.R.D. 253 (N.D.N.Y. 2005); *Paulk v. Central Lab. Assocs., supra* note 3. See, also, *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994); *Mut. Federal Sav. & Loan v. Richards & Associates*, 872 F.2d 88 (4th Cir. 1989).

[14] See, *Collins v. Illinois*, 554 F.3d 693 (7th Cir. 2009); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172 (10th Cir. 1995); *Hyde & Drath v. Baker, supra* note 13; *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546 (6th Cir. 1994); 7 Moore, *supra* note 5, § 37.96; 8B Wright et al., *supra* note 6, § 2284; Annot., 156 A.L.R. Fed. 601, § 2[a] (1999).

[15] See *Stanko v. Chaloupka, supra* note 7, 239 Neb. at 103, 474 N.W.2d at 471.

[16] *Norquay v. Union Pacific Railroad, supra* note 6.

[17] See *Woodstock Ventures LC v. Perry, supra* note 6, 164 F.R.D. at 323.

[18] See, *Collins v. Illinois, supra* note 14; *Stars' Desert Inn Hotel & Country Club v. Hwang*, 105 F.3d 521 (9th Cir. 1997); *Hyde & Drath v. Baker, supra* note 13; *Viswanathan v. Scotland Cty. Bd. of Educ.*, 165 F.R.D. 50 (M.D.N.C. 1995).

## CONCLUSION

We conclude that the court abused its discretion by excluding statements in Tevogt's affidavit as a sanction for his failure to attend depositions, and further erred in granting summary judgment for the plaintiffs. We express no opinion whether Tevogt's conduct warranted a lesser sanction. We reverse the judgment entered for the plaintiffs and remand the cause for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.