Amelia S. LONG, Personal Representative of Lewis D. Long, Deceased, Plaintiff,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

C.A. No. 83–1831.

United States District Court, District of Columbia.

June 7, 1985.

Norman Singer, Washington, D.C., for plaintiff.

Patrick Kavanaugh, Candida Staempfli, Charles McBrier, Jr., Washington, D.C., for defendants.

## MEMORANDUM

BRYANT, District Judge.

This matter is before the court on the motion of defendant PEPCO for summary judgment and the motion of plaintiff for sanctions against defendant PEPCO. For the reasons stated below, the motion of defendant is denied and the motion of plaintiff is granted.

Plaintiff filed this suit as the personal representative of the deceased, seeking damages under the Survival Statute and the Wrongful Death Act of the District of Columbia, D.C.Code § 12–101 et seq. and § 16–2701 et seq. (1981). On August 2, 1982, decedent was killed when the automobile in which he was riding as a passenger was struck by a hit and run vehicle at an intersection in the District of Columbia. The traffic signal at the intersection where the accident took place had been malfunctioning for more than two days prior to the collision. Plaintiff claims that defendant District of Columbia was negligent in failing to repair the traffic signal, that defendant PEPCO was negligent in its failure to

**2**

make emergency repairs, and that defendant Morphis operated the vehicle in which decedent was riding in a negligent manner. Defendant PEPCO moves for summary judgment against the claim of the plaintiff and the cross-claims for contribution and indemnity of the other parties.

To dispose of a motion for summary judgment, the court must find that the moving party has shown *"both* the absence of any genuine issue of material fact concerning a dispositive issue in the case and that the moving party is entitled to judgment as a matter of law." *Harry Toussaint Alexander v. Pan American World Airways,* 757 F.2d 362 (D.C.Cir.1985); *Underwater Storage, Inc. v. United States Rubber Co.,* 371 F.2d 950 (D.C.Cir.1966), *cert. denied,* 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967); Fed.R.Civ.P. 56(c). Rule 56 also requires that every inference drawn from the underlying facts be interpreted in a light most favorable to the non-moving party. *United States v. Diebold Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). A review of the entire record indicates that defendant has failed to show that there is no genuine issue as to any material fact and therefore is not entitled to judgment as a matter of law.

Defendant PEPCO rests its motion for summary judgment on the ground that it has no liability to plaintiff. Defendant claims that it took no steps to repair the traffic signal and thus did no affirmative act of negligence. PEPCO states that "[t]he record herein is clear that PEPCO did nothing by way of an act of commission to the traffic signals at the intersection. Rather, the record demonstrates that PEPCO's repair crew was unable to do anything to the signals because they were unable to gain access to the cabinet even though they attempted to open the same with the apropriate (sic) key." Memorandum of Points and Authorities in Support of Motion of Defendant Potomac Electric Power Company for Summary Judgment (hereinafter "Defendant's Memorandum") at 8. Defendant PEPCO claims that it owes no legal duty to plaintiff for nonfeasance in the performance of its contract and thus is not guilty of negligence. *Id.* at 4. Without liability to the plaintiff, PEPCO contends that it cannot be a joint tortfeasor with the other defendants and therefore is not liable for contribution. *Id.* at 9. Defendant PEPCO also claims that indemnity is not available. *Id.* at 9–11.

On the basis of a supplemental response of PEPCO filed subsequent to the motion for summary judgment, it is clear that a material fact concerning a dispositive issue, PEPCO's alleged negligence, is in dispute. Contrary to its earlier claim that PEPCO took no affirmative action in attempting to repair the malfunctioning traffic signals, *id.* at 2, 8, PEPCO states in its supplemental response that it "just accidentally discovered" a memorandum and report showing that a PEPCO repair crew did gain access to the signal box and did make some repairs. According to the newly discovered report, a PEPCO repair crew opened the signal box, replaced a fuse and watched the lights work properly for several cycles. After the crew closed the door, the lights again went out. Unable to open the door a second time, the repair crew allegedly left the intersection with the traffic signals again malfunctioning and referred the problem to the District of Columbia. *See* Supplemental Response of Potomac Electric Power Company to Plaintiff's Discovery Requests, Attachment 2. The supplemental response contradicts PEPCO's earlier position that it could not have acted negligently since it was unable to make any repairs. PEPCO claims that it fulfilled any contractual duty it had by referring the matter to the District of Columbia. Defendant's Reply at 7. The new evidence shows that PEPCO did some repair work to the traffic signals. Whether PEPCO acted negligently in the repairs performed, or in leaving the intersection after the repairs it made failed to cure the problem, is a question for a trier of fact and is not appropriate for disposition by summary judgment. The question of defendant PEPCO's alleged negligence, a material fact concerning a dispositive issue,

thus remains in dispute and the motion for summary judgment must be denied.

Plaintiff moves for sanctions against defendant PEPCO pursuant to Fed.R.Civ.P. 37(d) for PEPCO's failure to disclose the memorandum and repair report, which plaintiff claims substantively moots the motion for summary judgment. Plaintiff seeks dismissal of the motion and attorney's fees and costs for defending PEPCO's motion.

Plaintiff alleges that the supplemental response information drastically alters the legal and factual positions PEPCO previously has taken in this case, and proves that the basis of the motion for summary judgment is incorrect. Memorandum in Support of Motion of Plaintiff for Sanctions against Defendant Potomac Electric Power Company (hereinafter "Plaintiff's Memorandum") at 1–2. Whereas PEPCO previously had maintained that it took no affirmative action to repair the malfunctioning traffic signals, the supplemental response establishes that it opened the control box and made repairs. Had PEPCO made diligent efforts to produce all of the documentation in the case prior to filing its motion for summary judgment, plaintiff claims that it could not have made its motion since the report contradicts the legal basis of its motion and establishes that a material fact is in dispute. Plaintiff further alleges that PEPCO's failure to produce the documents promptly has prejudiced it because it has delayed the trial, thwarted effective discovery on the issue of PEPCO's liability, and required efforts to defend a frivolous motion. Reply to PEPCO's Opposition at 5–7.

In response, PEPCO contends that the new disclosures do not alter the factual or legal basis upon which its motion for summary judgment is predicated. Opposition of Defendant PEPCO to Plaintiff's Motion for Sanctions (hereinafter "PEPCO's Opposition") at 6. PEPCO alleges that its crew found the traffic lights malfunctioning, made minor repairs which failed to correct the problem, and then left the lights in the same state of disrepair in which they were found. Consequently, PEPCO reasons that it is not liable to plaintiff because it "did nothing by way of any affirmative act of negligence to make the situation any worse than it was on arrival of its crew." *Id.* at 7.

PEPCO's argument, although ingenious, cannot serve its purpose. Essentially PEPCO claims that because its repair crew found a deathtrap and left a deathtrap, it cannot have acted negligently. On the contrary, the new disclosure reveals that PEPCO abortively repaired the traffic lights, and raises the issue of PEPCO's alleged negligence, which is to be determined by a trier of fact. Had this information been disclosed earlier in the lawsuit, it is unlikely that PEPCO would have filed the pending motion for summary judgment.

Pursuant to Rule 37(d) a district court has discretion to impose sanctions on a party for failing to produce documents in discovery. Fed.R.Civ.P. 37(d). Wilfulness need not be proven; even simple negligence may justify the imposition of sanctions. *Compagnie des Bauxites de Guinea v. Insurance Company of North America, et al.,* 651 F.2d 877, 885 (3rd Cir.1981), *aff'd,* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1312 (1982). Moreover, a party is not absolved of the charge of wilful or negligent conduct by ultimately producing the material in question if production has not been timely. *State of Ohio v. Arthur Andersen & Co.,* 570 F.2d 1370, 1374 (10th Cir.), *cert. denied,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978).

■ PEPCO inadvertently or negligently failed to discover the documents in question. This failure has prejudiced the plaintiff to the extent that it has hampered discovery and delayed the trial. Consequently, this court concludes that plaintiff should be compensated for expenses incurred in opposing the motion of defendant PEPCO for summary judgment and bringing the motion for sanctions. Defendant is not liable to plaintiff for expenses of potential additional discovery, however, because

**4**

plaintiff would have pursued discovery on this matter had it been revealed earlier.

An appropriate order shall issue.