887 F.2d 332
 281 U.S.App.D.C. 104
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CAPITOL CHEMICAL INDUSTRIES, INC., a District of Columbia
corporation, Appellant,
v.
COMMUNITY MANAGEMENT CORPORATION.
 No. 88-7232.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 23, 1989.
 
 Before WALD, Chief Judge, and RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by counsel. See D.C.Cir.R. 13(i). After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c). Substantially for the reasons stated in the district court's August 29, 1989 Memorandum Order, and in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 On July 17, 1987, defendant-appellee Community Management Corporation (Community) sought discovery from plaintiff-appellant Capitol Chemical Industries (Capitol), including answers to interrogatories under Rule 33, Federal Rules of Civil Procedure. On December 4, 1987, the district court stayed the action pending resolution of a criminal investigation involving Capitol's president and sole shareholder. On March 24, 1988, a United States Magistrate, assigned to supervise discovery in the case, modified the stay to permit discovery and ordered Capitol to respond to Community's interrogatories by April 23, 1988. Capitol returned no responses and sought no time extension. The Magistrate entered a second order on June 3, 1988, this time directing Capitol to answer Community's interrogatories by June 13, 1988. On July 14, 1988, still awaiting answers to its interrogatories, Community moved to dismiss the case under Rule 37(b) and (d). Although Capitol subsequently answered the interrogatories on August 12, 1988, the district judge, on August 29, 1988, granted Community's motion and dismissed the case with prejudice.
 
 
 5
 The district court properly exercised its authority under Rule 37 to dismiss Capitol's action. Without objecting to any of the questions posed, see Rule 33(a), or moving for a protective order, see Rule 26(c), Capitol simply failed to answer Community's interrogatories despite successive court orders directing Capitol to respond. These successive discovery orders, we note, protected Capitol's president and sole shareholder against "jeopardizing any criminal rights or privileges." We further observe that Capitol never essayed any tender of the detailed specification needed to pursue the compliance route described in Rule 33(c).
 
 
 6
 Capitol insists that the district court could not properly dismiss the action under Rule 37(b)(2)(C) without first receiving and granting under Rule 37(a) a motion for an order compelling discovery. Capitol correctly notes that Rule 37(b)(2) authorizes sanctions if "a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule"; a Rule 37(a) order thus generally precedes a 37(b)(2) sanction when the party from whom answers are sought has failed to answer one or more particular interrogatories. Rule 37(a)(2); see also Rule 37(a)(3) (evasive or incomplete answer). However, upon a total failure to serve answers to interrogatories, Rule 37(d) empowers a court, on motion, directly and immediately to enter sanctions under Rule 37(b):
 
 
 7
 If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.
 
 
 8
 Paragraph (C) of subdivision (b)(2) in turn lists "dismissing the action" among the authorized sanctions. Accordingly, "[a] direct order by the court as provided in Rule 37(a) and (b) is not a prerequisite to imposition of sanctions under Rule 37(d). The rule permits immediate sanctions against parties for wilful failure to comply with discovery rules." Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir.1975) (district court properly dismissed plaintiffs' complaint for wilful failure to comply with discovery); see also Robinson v. Transamerica Ins. Co., 368 F.2d 37, 39 (10th Cir.1966); 8 C. Wright & A. Miller, Federal Practice and Procedure Secs. 2282, 2291 (1970 and 1988 Supp.) (citing similar cases).
 
 
 9
 This case falls squarely within Rule 37(d). Capitol completely failed to answer Community's interrogatories first propounded on July 17, 1987. Instead of communicating to the court any objections or requests for extensions, Capitol totally disregarded successive court orders instructing responses to Community's discovery requests. Such disregard fully warranted dismissal of Capitol's complaint.