**ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS, INC., et al., Plaintiffs,**

v.

**Hillary Rodham CLINTON, et al., Defendants.**

**Civ. A. No. 93–0399 (RCL).**

United States District Court, District of Columbia.

Nov. 9, 1993.

Kent Masterson Brown, Christopher J. Shaughnessy, Brown & Brown, P.S.C., Lexington, KY, Frank Northam, Alan P. Dye, Webster, Chamberlain & Bean, Washington, DC, for plaintiffs.

Jeffrey S. Gutman, Elizabeth A. Pugh, Robert S. Whitman, David J. Anderson, Eric Holder, Frank W. Hunger, Dept. of Justice, Civil Div., Gregg H. Levy, Covington & Burling, Washington, DC, for defendants.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on plaintiffs' motion to compel answers to interrogatories and production of documents. The Court has carefully read each of defendants' responses, along with all memoranda in support of and in opposition to plaintiffs' motion. On October 20, 1993, counsel also presented oral arguments to the court.

The exception to the Federal Advisory Committee Act applying to *each* working group body must be on the basis that the group is composed wholly of full-time government employees. (Court of Appeals' slip op., p. 26). When the body (be it a sub-group or whatever) is asked to render advice or recommendations as a group, it is a Federal Advisory Committee Act advisory committee *unless* it is composed wholly of full-time government employees. (*Id.*, p. 29). This court's task is to inquire into:

1. The formality and structure of the working group and its sub-groups to determine if there are advisory committees within the working group, even if the working group itself is not an advisory committee.

2. The truth of the government's claim that all members of the working groups are full-time officers or employees of the government.

3. The status of the special government employees, where they came from, how many hours they worked, and whether they were full-time.

4. The status of the consultants–did each only come to a one-time meeting, or is his or her role functionally indistinguishable from other members of the group or sub-group. Any consultant who regularly attended and fully participated in meetings should be regarded as a member of that group or sub-group, and the consultant's status as a private citizen would then disqualify that group or sub-group from exempt status under the Federal Advisory Committee Act.

The Court of Appeals, 997 F.2d 898, specifically cautioned that the Federal Advisory Committee Act cannot be avoided by simply appointing, for example, "10 private citizens as special government employees for two days, and then have the committee receive the section 3(2) exemption as a body composed of full-time government employees." (*Id.*, pp. 31–32).

Importantly, Circuit Judge Buckley, in his concurring opinion, noted the importance of the government's argument regarding compliance with ethics laws:

"Mr. Magaziner ... took pains to stress the fact that every member of and consultant to the group—whether a regular or special government employee, whether working full time or part, for pay or without—was required to file a financial disclosure statement and to comply with other requirements of these laws."

(Court of Appeals slip op., Buckley, J. Concurring, at 11–12.) Discovery into the truth of Mr. Magaziner's affidavit on this point, then, also appears to be warranted.

Rule 26 must be liberally construed to allow discovery into any factual matter that is germane to any of the remaining legal issues in this case, and that may lead to the discovery of admissible evidence or may relate to circumstantial evidence.

Defendants have submitted meritless relevancy objections in almost all instances, and incomplete and inadequate responses in most instances, and plaintiffs' motion to compel shall be granted as set forth herein.

■ The court rejects defendants' objection that because the current complaint has no specific allegation that "the interdepartmental working group, its cluster groups or subgroup or any other groups were subject to the FACA" plaintiffs are not entitled to seek discovery on these issues. The complaint can be amended to conform to the evidence discovered, and there is no basis at this late stage—on remand, after full briefing—to now raise an archaic technical pleading objection. After full discovery, the court will require an amended complaint to be filed that conforms to the evidence and frames the issues for deciding dispositive motions or, if necessary, trial.

■ The court also rejects defendants' interpretation of their obligations to respond to outstanding discovery on an on-going basis. *For example,* in defendants' response to discovery request No. 2 (at p. 8), defendants noted that "there are a few additional individuals listed who may have maintained expert or consultancy agreements ... [who] are not designated as having been retained by a particular governmental entity pending the results of a continuing search for pertinent documentation." The proper response by the government would have been to file its incomplete information and move to enlarge time for filing its complete answer, with an estimate of how much time would be needed. Instead, the government decided it would file an incomplete answer and then supplement it whenever it pleased, effectively divesting this court of control over the discovery process and ensuring that during the briefing process on the motion to compel the government would continue to produce dribbles and drabs of information at its convenience. This has unnecessarily complicated judicial review by providing a constantly changing target. The court condemns this litigation tactic and will not tolerate it in future responses in this case.

■ Defendants initially submitted a preposterous response to plaintiffs' request for lists of individuals who participated with each working group, saying that for Groups 1A and 22A–D "no such list was ever created." The lack of a formal, pre-existing list obviously did not excuse defendants from complying with plaintiffs' request. Apparently even defendants now recognize that, since they have now filed supplemental responses regarding the individuals in Groups 1A and 22A–D. Again, the court rejects this improper litigation tactic.

■ Even more egregious, however, is the defendants' response that the lists of meeting participants they created "should not be understood as fully exhaustive or completely accurate lists...." Defendants go on to say that given "the fluidity and informality of the process by which individuals participated in the interdepartmental working group ... [the lists] contain the names of some individuals who did not attend any meetings or who only attended one or two. Similarly, some individuals who attended some working group meetings are undoubtedly not listed." Defendants admitted at oral argument that no effort was made to check the records of each working group for agendas, meeting minutes, and lists of participants, because such documents were not "routinely" prepared. This does not justify the government's refusal to find and produce those documents that were prepared—albeit perhaps pursuant to a protective order.[1] Defendants also admitted at oral argument that

---

1. The court understands the defendants' concerns about production of substantive working group documents which will be publicly released only if plaintiffs ultimately prevail. The court does not understand, but is willing to consider, any argument defendants might make for a protective order for agendas or minutes, to preclude use except in connection with this litigation. The court is doubtful that a protective order is warranted for participant lists. What the court has no doubt whatsoever about, however, is plaintiffs' entitlement to have an appropriate search conducted to locate all such agendas, minutes, and lists. To the extent that plaintiffs' original wording was overbroad, it has now been refined. Plaintiffs are entitled to try to gather evidence to show that "consultants" are the functional equivalents of fully participating members of groups and sub-groups.

458

they made no effort to check Secret Service records of meeting participants. Again, while such records would not be complete—since some people with appropriate passes would not be listed—they would be probative, since the names plaintiffs are most likely seeking are those most likely to need special clearances for meetings. Defendants cannot simply check the records that happen to be in Mr. Magaziner's office, a "sampling" of other records, and then claim to have properly responded. Defendants have again improperly thwarted plaintiffs' legitimate discovery requests.[2]

█ Defendants have refused to provide full information on what they call "audit groups" that were outside the interdepartmental working group, and have provided no information whatsoever on the "drafting group." The court rejects the argument that plaintiffs are not entitled to all germane information about all of the groups and subgroups at the White House that dealt with health care reform issues. It matters not what label or title the group or sub-group had. Plaintiffs are entitled to inquire into the formality and structure of all these groups and sub-groups, and defendants are again improperly withholding the germane information.

Time and attendance records and records of payments made (for *per diem* or other work or for travel and other expenses) are clearly germane evidence since they may provide circumstantial evidence that plaintiffs can use to argue that the government's labels as special government employees as well as consultants are a sham. The same is true for financial disclosure or ethics forms—the signature and date and fact the form was or was not completed is germane to plaintiffs' contentions. The court will allow redaction of those *other* parts of the forms that are not already publicly available. Defendants have, however, even refused to provide to plaintiffs forms that are already publicly available. Defendants have no even arguable basis for such improper withholding.

Plaintiffs' Motion to Compel is GRANTED as set forth herein. Defendants shall, within 20 days of this date, file their final supplemental discovery responses.

Plaintiffs are entitled to their attorney's fees, having prevailed on their motion to compel, and such an award of fees is not unjust under Rule 37 of the Federal Rules of Civil Procedure. Plaintiffs' detailed statement of fees and costs shall be filed within 10 days. Defendants may comment thereon within 5 days thereafter.

SO ORDERED.

**2.** Defendants' burdensome argument is categorically rejected. This court does not accept such arguments without specific estimates of staff

hours needed to comply, and defendants submitted no such estimates.