**Cara Leslie ALEXANDER,
et al., Plaintiffs,**

v.

**FEDERAL BUREAU OF
INVESTIGATION, et
al., Defendants.**

**No. Civ. 96–2123 RCL.**

United States District Court,
District of Columbia.

April 13, 1998.

**8**

Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for plaintiffs.

James Jordan Gilligan, Elizabeth Jane Shapiro, Julia Fayngold, U.S. Department of Justice, Washington, DC, for defendant FBI and Executive Office of the President.

David Evan Kendall, Nicole Kay Seligman, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for defendant Hillary Rodham Clinton.

James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, Washington, DC, Peter Z. Zimroth, Arnold & Porter, New York City, for defendant Bernard W. Nussbaum.

Randall James Turk, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for defendant Craig Livingstone.

Robert Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, D.C., Robert Muze, Stein, Mitchell & Mezines, Washington, D.C., for defendant Anthony Marceca.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on plaintiffs' Motion for Sanctions Against the Government Defendants. Plaintiffs request that this court impose sanctions against certain government defendants in this case, the Executive Office of the President ("EOP") and the Federal Bureau of Investigation ("FBI"), for the defendants' failure to seek a formal extension of time beyond 30 days to produce both documents in answer to plaintiffs' discovery requests and written responses by defendants to these requests. Upon consideration of the submissions of the parties and the relevant law, plaintiffs' motion is denied.

### I. Background

On October 9, 1997, plaintiffs served document requests on the government defendants

in this case—the EOP and the FBI. By its terms, the request demanded production of the documents at issue within 30 days of service of the notice. Upon determining that it was not possible to complete production within 30 days as requested by plaintiffs, defendants served written responses to plaintiffs' document requests that included objections to plaintiffs' demand for production within 30 days. Gov. Defs.' Memo of Pts. and Auth. in Opp. to Pls.' Mot. for Sanctions (Opp.) at 2. Consistent with this objection, on November 5, 1997, the government defendants also notified plaintiffs in writing that on November 10, 1997, the EOP and the FBI would serve plaintiffs with responsive documents that had been located as of that date. *Id.* Ex. C at 1. Included with this correspondence was a statement by the EOP and FBI that "they [would] produce additional documents falling within the legitimate scope of plaintiffs' document requests as they are located." *Id.* Defendants describe this as a decision "to supply documents to plaintiffs on a rolling basis beginning on November 10, 1997." *Id.* at 4.

On December 3, 1997, plaintiffs filed a motion to compel government defendants and Craig Livingstone, Anthony Marceca, and Hillary Clinton to respond to document requests previously served on them. These requests included the October 9, 1997 document request served on the FBI and EOP. The court conducted a status conference on December 19, 1997, at which various defendants moved to strike plaintiffs' motion to compel on the ground that counsel for plaintiffs failed to comply with Local Rule 108(m) which imposes an obligation on the parties to meet and confer before the filing of a nondispositive motion. These motions to strike were granted. *See Alexander v. Federal Bureau of Investigation*, 1997 WL 1106579, Civ.

No. 96–2123, Ord. at 1 (Dec. 22, 1997) ("Ord. of Dec. 22, 1997").

On December 22, 1997, the court issued the order granting the motion to strike and addressing the government defendants' statement that the EOP and the FBI would be responding to plaintiffs' document requests on a rolling and ongoing basis. The court conveyed to the government defendants that such responses were considered improper and that the proper course of conduct would have been to move for an extension of time within which to respond to the requests.[1] In the order, the court concluded that "defendants sought to arrogate to themselves an indefinite extension of the time in which they may respond to plaintiffs' discovery requests." Ord. of Dec. 22, 1997 at 3.

The court's rejection of the manner in which defendants sought to comply with plaintiffs' Rule 34 request for documents was based on the court's interpretation of the requirements of production pursuant to Rule 34 and a prior published opinion issued by this court. *See Association of American Physicians and Surgeons, Inc. v. Clinton*, 837 F.Supp. 454, 457 (D.D.C.1993). In that case, the court rejected defendants' interpretation of their obligation to respond to discovery on an on-going basis and stated that "the court condemns this litigation tactic and will not tolerate it in future responses in this case." *Id.* After determining that defendants' conduct with respect to discovery responses in the instant case was equally improper, the court indicated that it "[would] entertain any motion for sanctions arising from this misconduct that plaintiffs [wished] to file." Ord. of Dec. 22, 1997 at 3. On December 31, 1997, plaintiffs filed the motion for sanctions presently before the court.

## II. *Analysis*

Plaintiffs' request for sanctions is premised upon "Rule 37 of the Federal Rules of Civil

---

1. In response to the court's suggestion during the status conference on December 19, 1997, the government defendants filed a Motion for Leave to File Out of Time and Motion and Memorandum for Extension of Time on December 22, 1997. The government defendants sought an extension of time up to and including January 30, 1998, to produce all documents responsive to plaintiffs' pending requests for documents. The government defendants also addressed the previous failure of these parties to seek a formal extension of time to which to respond to the requests and stated "[i]n the flurry of activity between the filing of plaintiffs' motion to compel and the December 19 status conference before the Court, government counsel neglected to seek a formal extension of time for its document production." Mot. for Ext. of Time at 3. The only proper time for seeking such an extension, however, was within 30 days of service of the October 9, 1997, request, not after the plaintiffs' motion to compel was filed.

Procedure, 28 U.S.C. § 1927, and the Court's inherent powers." Pls.' Mot. for Sanctions Against the Gov. Defs. (Pls.' Mot.) at 1. The government defendants contend that sanctions are unwarranted as "the record is one of diligence and good faith, not of bad faith, or egregious conduct" so as to necessitate the imposition of sanctions by this court.

### A. *Rule 37*

■ The court turns first to plaintiffs' argument that sanctions are warranted under Rule 37 of the Federal Rules of Civil Procedure. Although Rule 37 authorizes a court to award sanctions for discovery abuses, the requirements for the imposition of sanctions pursuant to this rule are not met in the instant case. While Rule 37(a) provides that a court may impose sanctions or require the payment of expenses incurred for a failure to respond to a request for inspection submitted under Rule 34, this action may be taken only after a party prevails on a motion to compel or if production is provided after such a motion has been filed. Rule 37(b)(2) provides for sanctions where a party fails to comply with a discovery order. As has been stated, "[a] production order is generally needed to trigger Rule 37(b)." *Shepherd v. American Broadcasting Companies, Inc.,* 62 F.3d 1469, 1474 (D.C.Cir.1995) (citing *Attorney General v. The Irish People, Inc.,* 684 F.2d 928, 951 n. 129 (D.C.Cir.1982)). In the instant case, no discovery order has been violated.

■ The final provision under the rule pursuant to which sanctions are authorized is Rule 37(d). This rule states that:

> If a party . . . fails . . . to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this Rule.

Fed.R.Civ.P. 37(d). Unlike under Rule 37(b)(2), "a direct order by the court as provided in Rule 37(a) and (b) is not a prerequisite to imposition of sanctions under Rule 37(d). The rule permits immediate sanctions against parties for willful failure to comply with discovery rules." *Capitol Chem. Indus., Inc. v. Community Management Corp.,* 887 F.2d 332 (Table), 1989 WL 125236 at *2 (D.C.Cir.1989) (citing *Fox v. Studebaker–Worthington, Inc.,* 516 F.2d 989, 993 (8th Cir.1975)). *See also* Wright & Miller, *Federal Practice and Procedure* § 2291 (1994) ("Rule 37(d) allows the imposition of sanctions against a party for especially serious disregard of the obligations imposed by the discovery rules even though it has not violated any court order.").

■ In interpreting this rule, other courts within this circuit have imposed sanctions in the absence of willfulness under Rule 37(d). In *Long v. District of Columbia,* 110 F.R.D. 1 (D.D.C.1985), the court stated that "even simple negligence may justify the imposition of sanctions." *Id.* at 3 (citing *Compagnie des Bauxites de Guinea v. Insurance Co. of N. America,* 651 F.2d 877, 885 (3d Cir.1981)). The court further added that "a party is not absolved of the charge of wilful or negligent conduct by ultimately producing the material in question if production has not been in a timely manner." *Id.* (citing *State of Ohio v. Arthur Andersen & Co.,* 570 F.2d 1370, 1374 (10th Cir.1978)). However, Rule 37(d) is generally inapplicable in situations where a party submits a response pursuant to a Rule 34 request to permit inspection, even if the response fails to indicate that inspection will be permitted as requested or fails to permit the actual inspection itself. *See, e.g., Badalamenti v. Dunham's Inc.,* 896 F.2d 1359 (Fed.Cir.1990) (denying requests for sanctions under Rule 37(d) where plaintiff's response was not so evasive and misleading as to constitute a failure to respond); *Fox,* 516 F.2d at 993–96 (denying sanctions where written response was made even though response was not satisfactory). The record in this case demonstrates that the government defendants did submit a response to plaintiffs in this case. Accordingly, sanctions may not be imposed against the FBI and EOP pursuant to Rule 37.

### B. *28 U.S.C. § 1927 and the Court's Inherent Authority*

■ Plaintiffs also allege that this court may impose sanctions pursuant to both the

court's inherent authority and 28 U.S.C. § 1927. It is well established that a court possesses the inherent power to monitor litigation closely and to sanction litigants for abusive practices. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–65, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Prior to an award of sanctions under its inherent powers, a court must make an explicit finding that counsel's conduct "constituted or was tantamount to bad faith." *Id.* at 767, 100 S.Ct. 2455. It is recognized that the court's inherent powers permit the imposition of sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). A party demonstrates "bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Hutto v. Finney,* 437 U.S. 678, 689 n. 14, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).

■ The imposition of sanctions pursuant to section 1927 is also permissible. Section 1927 provides that:

Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In contrast to the imposition of sanctions pursuant to the court's inherent authority, "[t]he law in this circuit ... is unsettled over whether a court must find an attorney's actions to be in bad faith before imposing sanctions under section 1927." *United States v. Wallace,* 964 F.2d 1214, 1218–19 (D.C.Cir.1992) (discussing split among the circuits). "Nevertheless, all of the courts, including those applying a lesser standard, at minimum agree that unintended, inadvertent, and negligent acts will not support an imposition of sanctions under section 1927." *Id.* at 1219. Because it is this court's conclusion that the actions of the EOP and FBI, though improper and at least neglectful, do not rise to a level of reckless indifference to their obligations in this case, the court need not address the issue of the appropriate standard to be applied under section 1927. Accordingly, sanctions are not warranted pursuant to either the court's inherent powers or section 1927.

■ A consideration of the rationale underlying the imposition of sanctions under both section 1927 and the court's inherent authority demonstrates that the actions of the EOP and FBI do not necessitate the imposition of sanctions in this case. "[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986). Indeed, the purpose of this statute is "to deter unnecessary delays in litigation." *Id.* at 1273 (quoting HR.Conf.Rep. No 12234, 96th Cong., 2d Sess. 8, reprinted in 1980 Code Cong. & Ad.News, 2716, 2782). With respect to the court's inherent authority, the court may impose sanctions to dissuade vexatious conduct or conduct that deliberately and consciously interferes with the efficient administration of justice.

■ In the instant case, it cannot be disputed that the conduct of the EOP and the FBI was improper. Defendants go to great lengths in their effort to convey to this court that the EOP and FBI engaged in "diligent" efforts to respond to the plaintiffs' requests and make much of the fact that over 12,000 pages of responsive documents were produced. In this regard, the government defendants simply miss the point of this court's December 22, 1997 order. When the EOP and the FBI determined that complete compliance with plaintiffs' requests was not feasible, the proper course of conduct would have been to move for an extension of time within which to respond and to supply the court with an estimate of the time required to fully comply. The breadth of plaintiffs' requests or defendants' response is simply not at issue.

The government defendants also suggest that they were unaware of this court's interpretation of the parties' obligations under the rules of discovery and were acting in good faith when it was decided to supply responsive documents on a "rolling basis." The court finds this argument to be somewhat

disingenuous. The court's December 22, 1997 order specifically references *Association of American Physicians and Surgeons v. Clinton*, 837 F.Supp. 454 (D.D.C.1993), in which the government defendants were chastised for identical conduct. Counsel for the defendants in that case included the same Department of Justice and at least one of the very same attorneys in that case presently stands before the court as counsel for the government defendants in this case. Viewing the full set of facts presently before the court in the light most favorable to the EOP and FBI, the actions of these defendants can at best be considered negligent.

Notwithstanding the court's disapproval of the manner in which the government defendants handled the responses to plaintiffs' request in this case, the impropriety of defendants' conduct does not rise to a level warranting sanctions. Plaintiffs have not made any showing that they were prejudiced by these actions and in the absence of a greater showing that the EOP or FBI exhibited recklessness or some bad faith, the court must withhold the imposition of sanctions.

III.  *Conclusion*

For the reasons set forth herein, plaintiffs' Motion for Sanctions Against the Government Defendants is DENIED.

SO ORDERED.