Willie JEFFERSON, Plaintiff,

v.

Janet RENO, et al., Defendants.

No. CIV. A. 96–1284(GK).

United States District Court,
District of Columbia.

March 29, 2000.

Donna Lee Yesner, Piper & Marbury, L.L.P., Washington, DC, Counsel for Plaintiff.

David T. Smorodin, Assistant U.S. Attorneys, Washington, D.C., Marshall Jarrett, Counsel, Office of Professional Responsibility, United States Department of Justice, Washington, DC, Counsel for Defendants.

## MEMORANDUM AND ORDER

KESSLER, District Judge.

This Freedom of Information Act case is before the Court on Defendant's Motion to Dismiss Individual Defendants, Plaintiff's Motion for Sanctions and Defendant's Mo-

tion for Reconsideration of an Order granting an Individual Defendant's Motion to substitute counsel. Upon review of the motions and oppositions and the entire record herein, Defendant's motions will be granted and Plaintiff's motion will be granted in part and denied in part.

## I. Background

On August 8, 1995, Willie Jefferson sent a letter to the United States Attorney General requesting the complete file pertaining to an indictment brought against him and twelve others for various criminal violations. At the time of his request, Mr. Jefferson had been convicted of drug offenses in the United States District Court for the Middle District of Florida and had appealed his conviction along with three co-defendants. The Executive Office for United States Attorneys ("EOUSA"), which handles FOIA requests made to the Attorney General's office, forwarded his FOIA request to the United States Attorney's Office for the Middle District of Florida Mr. Jefferson's FOIA request was denied in its entirety, citing FOIA exemption (7)(A), because the requested criminal matter was then on direct appeal. The agency's complete denial of Mr. Jefferson's FOIA request was affirmed on administrative appeal. On June 10, 1996, Mr. Jefferson filed this action *pro se* against the Attorney General, Bonnie L. Gay, the Attorney–in–Charge of the FOIA/Privacy Act Unit of the Executive Office for United States Attorneys, and Richard L. Huff, the Co–Director of the Office of Information and Privacy of the Department of Justice. Ms. Gay signed the form notifying Mr. Jefferson that his request was denied and Mr. Huff signed the letter notifying him that the decision was affirmed on appeal.

Defendant's initial motion for summary judgment was denied because it had "failed to show how their categorical withholding was limited 'to the extent that' production could reasonably be expected to interfere with [a pending enforcement] proceeding." Memorandum and Order of March 17, 1997 (quoting *Campbell v. Department of Health and Human Servs.*, 682 F.2d 256, 265 (D.C.Cir.1982)). Defendant's first renewed motion for summary judgment was denied, because the declaration of Assistant United States Attorney Jeffrey Downing, dated April 23, 1997, was too conclusory to support EOUSA's justification for withholding records under FOIA Exemption 7(A). *See* Memorandum and Order of August 12, 1997, at 7–8. On October 1, 1997, Defendant filed its second renewed motion for summary judgment in which it notified the Court that the criminal case file requested by Plaintiff had been "purged" in late June 1997 at the completion of the criminal appeals by the prosecutor in Mr. Jefferson's criminal trial—Assistant United States Attorney Downing.

The Court appointed counsel for Plaintiff "for the purpose of assisting plaintiff in this Freedom of Information Act claim and, in particular, in investigating and proposing what sanctions should be imposed, if any, on individuals responsible for the destruction of documents responsive to plaintiff's FOIA request." *See* Order filed December 18, 1997. Appointed counsel began working with Defendant to recreate the file of destroyed records. The case was stayed for a brief time and status reports were submitted by the parties. After a status conference with the Court, the parties agreed to a schedule for the reconstruction of files and production of records, discovery on the circumstances surrounding the destruction of records, further status reports and the withdrawal of the pending motions for summary judgment. *See* Order of February 12, 1999.

The parties completed discovery and filed and briefed the motions that are currently at issue before the Court: Plaintiff's motion for sanctions, Defendants' unopposed motion to dismiss the individual Defendants, and Defendants' motion for reconsideration of the Court's Order of October 15, 1999. Although the pending

cross-motions for summary judgment were withdrawn "without prejudice, and may be renewed after completion of discovery", *see* Order of February 12, 1999, the parties have not renewed their cross-motions for summary judgment. Because summary judgment briefing is necessary for final resolution of this action, the Court will schedule such briefing.

Based on Plaintiff's discovery, it appears that Mr. Downing destroyed the majority of the criminal files at issue in this litigation shortly after all of the direct appeals had been affirmed and approximately six weeks after the lead defendant's petition for writ of certiorari was denied. Plaintiff's petition for writ of certiorari, however, was still pending. Mr. Downing, a criminal prosecutor with ten years experience, apparently purged these files by himself, without the assistance of his secretary as was his normal practice. Mr. Downing asserts that he destroyed the records in reliance on a paralegal in his office who had recently attended a training seminar on the FOIA. Although the paralegal understood that records that were the subject of a FOIA action could not be destroyed until after any appeal was concluded on the *FOIA* action, Mr. Downing asserts that he understood her to say that it was acceptable to destroy the records upon the completion of the *criminal* appeal.

## II. Discussion

### A. *Defendants' Motion to Dismiss the Individual Defendants*

■ Defendants' motion to dismiss the individual Defendants is unopposed by Plaintiff. Individual federal officials are not proper defendants in a FOIA action because it is the *agency's* responsibility to produce records. *See* 5 U.S.C. § 552(a)(4)(B); *Stone v. Defense Investigative Service,* 816 F.Supp. 782, 785 (D.D.C. 1993). The parties agree that the United States Department of Justice is the proper agency defendant for purposes of this action. The individual Defendants will be dismissed and substituted by the Department of Justice. The Court previously granted individual Defendant Bonnie L. Gay's motion to substitute counsel. Because there is no need for counsel to represent Ms. Gay individually, the Court will vacate its prior order granting Ms. Gay's motion for leave to substitute counsel.

### B. *Plaintiff's Motion for Sanctions*

Plaintiff seeks sanctions for Defendant's (1) routine withholding of all records in pending criminal actions pursuant to FOIA exemption 7(A), (2) destruction of records that were the subject of this pending FOIA action, and (3) failure to comply with the Court's February 12, 1999 Order directing the reconstruction of destroyed files. Although FOIA has its own provisions for imposing sanctions, those provisions require findings that the agency arbitrarily withheld records and failed to produce records in violation of the Court's orders. 5 U.S.C. § 552(a)(4)(F), (G). Sanctions under section 552(a)(4)(F) and (G) are premature because the Court's findings necessary to impose such sanctions must await the production of improperly withheld records. *Perry v. Block,* 684 F.2d 121, 125 n. 19 (D.C.Cir.1982).[1] Because the parties have not yet presented a motion for the Court to decide whether records have been properly or improperly withheld, no such finding can be made.[2]

Plaintiff's motion for sanctions relies on the Court's inherent authority "to guard

---

1. While the Court has ordered certain production pursuant to its Order of February 12, 1999, the order was agreed to and prepared by the parties and does not reflect a determination that any records were improperly withheld.

2. The latter half of Defendant's Opposition to Plaintiff's Motion for Sanctions argues that it is not improperly withholding any records. It also incorporates "[t]o the extent necessary" its arguments made in its Second Renewed Motion for Summary Judgment. So many records have been produced and withheld from so many separate sources over the intervening period that the Court will not patch together a summary judgment motion for Defendant from its various filings.

against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments." *Shepherd v. American Broadcasting Companies, Inc.,* 62 F.3d 1469, 1472 (D.C.Cir. 1995). Plaintiff has sought a variety of sanctions to address Defendant's actions taken in this case. The Court will not consider Plaintiff's request for imposition of a presumptive fine for any future delay in producing records, because such a request is premature. However, the Court will not hesitate to impose monetary penalties in the future if it finds that Defendant has delayed the production of any records "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 6, 10 (D.D.C.1998) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).

1. Sanctions for routine withholding under FOIA exemption 7(A).

■ Plaintiff seeks to enjoin the Defendant from initially denying *in toto* any FOIA requests for pending criminal case files under Exemption 7(A). Such a practice would clearly violate the FOIA and binding case law. *See* Memorandum and Order of March 17, 1997, at 6–7.[3] Although Plaintiff argues that the EOUSA's practice is to ignore its obligations to conduct a thorough review and make categorical determinations with respect to pending criminal case files under exemption 7(A), there is insufficient evidence in the deposition of Bonnie Gay or elsewhere in this record to support such a claim.[4]

Plaintiff's assertion that EOUSA's policy is to use Exemption 7(A) as a blanket exemption in direct violation of the law is an extremely serious charge. By providing open access to the workings of the federal government, the FOIA serves to preserve the public's trust of government action, particularly where an individual's freedom is at stake. *See NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) ("The basic purpose of the FOIA is to insure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed"). However, without evidence of a widespread agency practice, an agency-wide injunction is inappropriate. *Twelve John Does v. District of Columbia,* 117 F.3d 571, 578–79 (D.C.Cir.1997).[5] If either party has evidence of the agency's routine practice with respect to FOIA requests seeking pending criminal case files, the Court will entertain further briefing and take whatever actions are necessary to ensure future compliance with the law. However, because the evidence does support a finding that Exemption 7(A) was used as a blanket exemption in response to this Plaintiff's FOIA request, Defendant will not be permitted to rely on the Exemption in withholding any records in this action.[6]

2. Sanctions for destruction of records in this case.

a) Assessment of attorney fees and other litigation costs

■ Plaintiff seeks and Defendant agrees to an award of reasonable attorney

---

**3.** The Court also notes that such a practice would violate the agency's own policy creating a presumption of disclosure. *See* Memorandum of October 4, 1993 (attached as Exhibit 9 to Plaintiff's Motion for Sanctions).

**4.** The deposition transcript of Ms. Gay fails to show whether EOUSA never conducts a categorical review of records before litigation or simply that it does not disclose that categorical review to the requester during the administrative stage. *See* Deposition of Bonnie L. Gay, at 23, 43–47, 72, 81–85 (attached as

Exhibit I to Defendants' Report to the Court, filed June 16, 1999).

**5.** For the same reason, Plaintiff's request for an order requiring Defendant to conduct FOIA training for all employees will be also denied.

**6.** The Court notes that Defendant has not asserted Exemption 7(A) as the basis for any withholdings mentioned in its Opposition to Plaintiff's Motion for Sanctions.

fees and other litigation costs. Although the Court finds that Plaintiff has already "substantially prevailed" for purposes of an assessment of attorney fees and other litigation costs under FOIA's fee-shifting provision, 5 U.S.C. § 552(a)(4)(E), the Court awards attorney fees and costs here based on its inherent authority to impose monetary sanctions to maintain control of the litigation. Counsel was necessary to monitor and verify Defendant's reconstruction and production of responsive records. Because the efforts of Plaintiff's counsel in conducting discovery and briefing the motion for sanctions were necessitated by the actions of Defendant's employees, it is only proper that Defendant should pay those fees and costs. Plaintiff may submit a motion for attorney fees and costs at his convenience prior to the conclusion of this action, but must first confer with Defendant in an attempt to reach agreement on the amount of the award. LCvR 54.2. Plaintiff may also move for attorney fees and costs within sixty days after the conclusion of this action for fees and costs incurred after the date of this order. In filing the latter, Plaintiff should justify its motion on the four factors traditionally used in determining whether to award attorneys' fees in FOIA cases: the public benefit derived from the case, the commercial benefit to the plaintiff, the nature of the plaintiff's interest in the information, and the reasonableness of the agency's basis for withholding the information. *Weisberg v. United States*, 745 F.2d 1476, 1498 (D.C.Cir.1984).

### b) Requiring Defendant to Obtain and Produce Certain Records

Plaintiff asks that Defendant be ordered to obtain copies of his criminal case file in the United States District Court for the Middle District of Florida, pen register logs and investigation reports from the St. Petersburg, Florida Police Department, and tape transcripts previously furnished to all criminal defense counsel in his criminal trial. Defendant agrees to these requests and states that it has already ob-tained and produced these records. *See* Defendant's Opposition to Plaintiff's Motion for Sanctions, at 4. Plaintiff argues that Defendant's production of these records is untimely and incomplete. Because Defendant has agreed to produce these records, Plaintiff's request for an order to produce these records is moot. The issue of whether Defendant has produced all such records must necessarily await briefing on the merits.

### c) Referral to the Office of Professional Responsibility

Plaintiff asks the Court to make factual findings regarding Mr. Downing's destruction of records responsive to Plaintiff's FOIA request while this action was pending in order to refer him to the Department of Justice's Office of Professional Responsibility and for referral to the Special Counsel pursuant to 5 U.S.C. § 552(a)(4)(F). In support of this request, Plaintiff attaches excerpts from Mr. Downing's deposition and those of his secretary, paralegal and the St. Petersburg Police Department detective who assisted in the destruction of files juxtaposed with Mr. Downing's prior declaration in this action showing his knowledge of this pending FOIA litigation shortly before he destroyed the records. As an experienced Assistant United States Attorney, Downing should not have needed to consult a paralegal in his office to learn that records that were the subject of a pending FOIA action should not be destroyed. Plaintiff asserts that various aspects of Mr. Downing's testimony are incredible, while Defendant characterizes his destruction of records as a "regrettable mistake." At the very least, Mr. Downing's actions demonstrate a dangerous and reckless disregard for his agency's statutory duty under the Freedom of Information Act. At worst, Mr. Downing may have perjured himself. Congress has repeatedly affirmed FOIA's importance in assuring openness in gov-

ernment.[7] All agency employees should appreciate their responsibility in ensuring the greatest access possible.

Without having heard his testimony in person, the Court is not in a position to judge Mr. Downing's credibility as to his state of mind when he destroyed records responsive to Plaintiff's FOIA request. Nonetheless, the scenario offered by Mr. Downing, an experienced government prosecutor, casts the gravest doubt about his excuse for the destruction. Considering that the agency has made efforts to reconstruct the destroyed files, conducting a hearing on this collateral matter will not materially advance Plaintiff's recovery of requested records. The Attorney General is in a much better position to conduct a comprehensive investigation, to make necessary findings and to impose any appropriate sanctions on her employees. Consequently, the Court will refer Mr. Downing to the Department of Justice's Office of Professional Responsibility to investigate whether he violated the law or engaged in professional misconduct when he destroyed records responsive to Plaintiff's FOIA request while this litigation was pending.[8]

3. Sanctions for failure to comply with Court's February 12, 1999 Order.

Plaintiff seeks fines and other sanctions for Defendant's failure to timely comply with the Court's Order of February 12, 1999, in which the parties agreed to a schedule for reconstructing the destroyed criminal case files and producing those records to Plaintiff and his counsel.[9] In support of such sanctions, Plaintiff points to the apparently minimal efforts made by Bonnie Gay, an attorney, to comply with this Court's Order requiring reconstruction of the destroyed records, as well as the flat-out violation of at least one provision of the Order.

Having served as the "Attorney–In–Charge" of EOUSA's FOIA/Privacy Act Unit for over seven years and briefly as Assistant Director, Ms. Gay was directly responsible for the agency's compliance with its statutory obligations. According to her sworn deposition testimony, Ms. Gay made only the most cursory attempt to reconstruct the criminal case file and *knowingly* violated the Court Order of February 12, 2000, requiring service of records on Plaintiff and his counsel, because the extra copies would cost too much. *See* Deposition of Bonnie L. Gay, at 160–196. Ms. Gay claims that she was directed to make only one copy by her supervisor and that she did not see a copy of the February 12 Order until months after her deposition. *See* Declaration of Bonnie Lewis Gay, ¶ 11 (filed October 12, 1999 in support of Motion for Leave to Substitute Counsel).

■ The Court considers Plaintiff's request for sanctions related to Defendant's compliance with the February 12 Order pursuant to its inherent authority to impose monetary penalties for violation of a Court order when it finds that the party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alexan-*

7. See Electronic Freedom of Information Act Amendments of 1996 § 2(b), Pub.L. 104–231 § 2(b) ("The purposes of this Act are to, (1) foster democracy by ensuring public access to agency records and information . . .").

8. Defendant argues that Plaintiff's request for the Court to refer Mr. Downing to the Office of Professional Responsibility is "superfluous" because anyone may make such a referral. It fails to explain why "[t]here is simply no reason for the Court" to make such a referral. The importance that this Court places on the value of the Freedom of Infor-

mation Act in ensuring the public's confidence in its government is more than enough reason.

9. Plaintiff requested unspecified monetary sanctions and an additional amount to compensate him for the cost of obtaining records from other sources. Plaintiff neither identifies nor justifies his expenses incurred in obtaining records from other sources. The *Court considers here only a punitive fine for* Defendant's failure to comply with the Court's February 12 Order.

*der v. Federal Bureau of Investigation,* 186 F.R.D. at 10. "A party demonstrates 'bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'" *Id.* (quoting *Hutto v. Finney,* 437 U.S. 678, 689 n. 14, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)). Regardless of whose testimony should be believed, or the allocation of responsibility for the failure to reconstruct the records, the fact remains that the Defendant, in its institutional capacity, made little initial effort to comply with the Court Order of February 12 and at least one employee decided to disregard the requirement that copies be sent to both Plaintiff and his counsel. Consequently, the Court agrees that not only do Defendant's actions constitute bad faith sufficient to justify sanctions in this case, but they are sufficiently flagrant to compel imposition of sanctions.[10]

The Court will impose a fine of $10,000 against the Defendant for the purpose of deterring future violations and highlighting the importance of complying with its FOIA obligations. The Court simply cannot let go unpunished a delay that came, as it did, on the heels of its destruction of records responsive to Plaintiff's FOIA request. Because Plaintiff's counsel's fees have already been agreed upon, the fine will be paid to organizations that provide legal assistance to the poor and imprisoned.

Accordingly, it is hereby

ORDERED that Defendants' unopposed motion to dismiss the individual Defendants [# 71] is GRANTED. This action is DISMISSED as against Defendants Janet Reno, Bonnie Gay and Richard Huff and in their place the United States Department of Justice is substituted as the sole Defendant. For ease of Court administration, the case caption will remain the same; it is

FURTHER ORDERED that Defendants' motion for reconsideration of Order of October 15, 1999[# 91] is GRANTED. The Order of October 15, 1999 is VACATED; it is

FURTHER ORDERED that at the conclusion of this action the parties shall meet and confer to attempt to reach agreement on an award of reasonable attorney fees and other litigation costs to Plaintiff. Plaintiff shall have sixty days from the entry of a final order in this action in which to file a motion for recovery of attorney fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure; it is

FURTHER ORDERED that Plaintiff's motion for sanctions [# 75] is GRANTED with respect to referring Jeffrey Downing to the Office of Professional Responsibility and the imposition of a fine and DENIED in all other respects without prejudice to renewal at the close of this case if appropriate. The Clerk is directed to mail a copy of this Memorandum and Order to the United States Department of Justice, Office of Professional Responsibility; it is

FURTHER ORDERED that Defendant is FINED in the amount of $10,000 to be payable to the District of Columbia Bar Foundation for distribution to non-profit legal service providers as it deems fit; and it is

FURTHER ORDERED that Defendant shall file a motion for summary judgment within thirty (30) days of the entry of this Memorandum and Order, together with a declaration or declarations from an appropriate agency employee describing the records withheld and the basis for withholding, as required by *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), and including a statement concerning the segregibility of each record, *see Kimberlin v. Department of Justice,* 139 F.3d 944 (D.C.Cir.1998). Plaintiff shall have thirty (30) days from the filing of Defendant's motion for summary judgment to file a combined cross-

---

**10.** The sanctions are imposed against the agency and not any individual. The Court notes that Ms. Gay has since been placed on administrative leave pending an investigation by the Office of the Inspector General in light of her deposition testimony. *See* Defendants' Report to the Court, filed June 16, 1999.

**8**

motion for summary judgment and opposition to Defendant's motion for summary judgment, setting forth all records it believes have been improperly withheld, not identified or not reconstructed. Local Civil Rule 7.1 shall govern the time for filing responses and replies

SO ORDERED.