# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand seventeen.

Present:
>PETER W. HALL,
>GERARD E. LYNCH,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

---

DR. CHINWE OFFOR,

>PLAINTIFF - APPELLANT,

V.                                                                          16-2646-cv

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, MR. KEVIN BERRY,

>DEFENDANTS - APPELLEES.

---

For Appellant:     IKE AGWUEGBO, New York, NY

For Appellees:     ANNE NOEL OCCHIALINO (Anne W. King, Attorney; P. David Lopez, General Counsel; Jennifer S. Goldstein, Associate General Counsel; Lorraine C. Davis, Assistant General Counsel, *on the brief*), Office of General Counsel, United States Equal Employment Opportunity Commission, Washington, DC

---

Appeal from a decision and judgment of the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiff-Appellant Dr. Chinwe Offor appeals the district court's dismissal of her complaint against the Defendant-Appellee Equal Employment Opportunity Commission ("EEOC") and Kevin Berry for failing to produce Offor's case file in accordance with the Freedom of Information Act ("FOIA"). The district court dismissed that claim as moot and held that Offor failed to assert claims for a "special counsel" and attorney's fees. The district court also determined that under FOIA parties could not receive an injunction precluding the EEOC from refusing to comply with future document requests. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings.

We review *de novo* the district court's dismissal for lack of jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1). *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id.*; *see Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008); *Colonial Airlines v. Janas*, 202 F.2d 914, 918 (2d Cir. 1953).

Pursuant to FOIA "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published

rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552. "Under this provision, federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal quotation marks omitted).

Offor sought relief under 5 U.S.C. § 552(a) requiring the EEOC to make available to the public certain information. The prayer for relief in the only "count" in Offor's complaint read: "[p]laintiff therefore respectfully request[s] that this Court issue a declaration that the aforementioned acts constitute a violation of the FOIA, 5 U.S.C[.] § 552, and as a result, the EEOC must provide the requested electronic documents to the Plaintiffs." Offor then asked the district court to "[e]xpedite the proceedings in th[e] action"; "[d]eclare that the Defendant's failure and/or refusal to disclose the records requested by the Plaintiff is unlawful"; and "[o]rder the Defendants to make the requested records available to the Plaintiff pursuant to authority under 5 U.S.C. § 552(a)(4)(B) to order production of improperly withheld documents and to enjoin withholding agency records required to be produced under FOIA." The complaint went on to "[r]equest a Special Counsel" under 5 U.S.C. § 552(a)(4)(F); and asked the court to "[a]ward costs and Attorneys' fees" and "[e]njoin the Defendants from refusing to comply with subsequent requests for similar documents." Compl. ¶¶ 9–11.

Because Offor has received her full case file from the EEOC, there is no judiciable controversy arising under federal law. *See Tax Analysts*, 492 U.S. at 142

("The FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'" (citation omitted)); *Williams & Connolly v. S.E.C.*, 662 F.3d 1240, 1243–44 (D.C. Cir. 2011). Offor's contention that the EEOC fabricated some of the 235 pages in the case file and that this assertion creates a viable case or controversy is unsupported. The district court did not exceed the bounds of its discretion in considering an affidavit from an agency employee testifying that the EEOC turned over all of the documents in Offor's case file. *See Makarova*, 201 F.3d at 113; *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("Affidavits submitted by an agency are 'accorded a presumption of good faith.'" (citation omitted)). Such speculative assertions, without more, are not enough to maintain federal subject matter jurisdiction over Offor's claims. Offor's claims against the EEOC and Kevin Berry are thus dismissed as moot.[1]

With respect to Offor's claims for attorney's fees, a special counsel, and an injunction precluding the EEOC from refusing to comply with future document

---

[1] The district court correctly determined that Offor was unable to assert claims against Kevin Berry individually because FOIA imposes a responsibility on the agency, not individual federal officials, to produce documents. *See* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has *jurisdiction to enjoin the agency from withholding agency records* and to order the production of any agency records improperly withheld from the complainant." (emphasis added)); *Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C. 2000) ("Individual federal officials are not proper defendants in a FOIA action because it is the *agency's* responsibility to produce records."); *Main St. Legal Servs. v. Nat'l Sec. Council*, 811 F.3d 542, 546 (2d Cir. 2016).

requests, we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned decision.  We have considered all of Offor's remaining arguments on appeal and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk