DORIS M. MARTINDALE, APPELLANT, V.
DAVID H. WEIR, M.D., APPELLEE.
577 N.W. 2d 287

Filed April 23, 1998.   No. S-96-1176.

T.J. Hallinan, of Cobb & Hallinan, P.C., for appellant.

Raymond E. Walden and Mark E. Novotny, of Kennedy, Holland, DeLacy & Svoboda, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.

## I. STATEMENT OF CASE

In this medical malpractice case, the district court entered judgment in accordance with the verdict in favor of the defendant-appellee, David H. Weir, M.D. In her challenge before the Nebraska Court of Appeals, the plaintiff-appellant, Doris M. Martindale, asserted that the district court erred in (1) excluding certain evidence and (2) failing to grant her a new trial. Under our authority to regulate the caseload of this court and that of the Court of Appeals, we, on our own motion, removed the matter to our docket. We affirm.

## II. FACTS

During the course of performing laparoscopic surgery on Martindale, Weir punctured one of her arteries. Serious bleeding and subsequent complications resulted.

Martindale's averments included as a specific allegation of negligence: "Inserting the trocar to a depth contrary to recog-

nized standards . . . ." Martindale's expert, David S. Swan, M.D., offered to testify at trial that Weir used an improper angle of insertion and pushed the trocar to an improper depth. However, during the taking of his pretrial deposition, Swan stated that Weir deviated from the relevant standard of care only in employing an improper angle of insertion.

Weir objected on the ground that Swan's proffered trial testimony, that Weir also inserted the trocar to an improper depth, would present an undue surprise as postulating negligence on a different basis than disclosed previously. The district court limited Swan's testimony to the inappropriateness of the angle of insertion used by Weir.

In his closing argument, Weir urged:

> The bottom line would be regarding what [Martindale] has to prove in instruction 7 regarding the standard of care. I don't think there's been any proof by [Martindale] what the standard of care is.
>
> We have a physician coming in from Kentucky telling you what he thinks it is. We have physicians who practice and teach in this area tell you it's something different. The proof is every physician who has reviewed this case except . . . Swan—who has reviewed more than one hundred cases for plaintiffs—we think the angulation and the way . . . Weir describes this in both his operative report, it's on the film and the deposition is the way you do it.

### III. ANALYSIS

#### 1. EXCLUSION OF EVIDENCE

In the first assignment of error, Martindale contends that the district court wrongly refused to permit Swan to testify as to the depth to which the trocar was inserted.

We review this assignment under the rule that trial courts have broad discretion with respect to sanctions involving discovery procedures, and their rulings thereon will not be reversed in the absence of an abuse of discretion. *Chief Indus. v. Hamilton Cty. Bd. of Equal.*, 228 Neb. 275, 422 N.W.2d 324 (1988). See, also, *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997).

Martindale argues that since the assertion that Weir negligently inserted the trocar to an inappropriate depth was

included in her specifications of negligence, Weir could not have been unfairly surprised, as he had adequate notice of her claim in that regard. However, as Weir argued to the district court, the problem is not with what was pled, but with the fact that Swan's deposition did not reflect that he would offer expert testimony in that area.

Martindale also argues that there was no surprise because Swan was the only medical expert identified as testifying to the standard of care. However, as Swan had been deposed and his answers in regard to the standard of care reflected his opinion that the angle was improper, but not that he felt the depth was improper, there was nothing which advised Weir that Swan's opinion had changed after he was deposed.

Neb. Ct. R. of Discovery 26(e)(1) (rev. 1996) provides that a party is under a duty

> seasonably to supplement his or her response with respect to any question directly addressed to
>
> . . . .
>
> (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he or she is expected to testify, and the substance of his or her testimony.

Since the question of how, in Swan's opinion, Weir had violated the standard of care in the medical procedure in question was directly put to Swan as an expert witness, Martindale was obligated to supplement Swan's answer if his opinion changed.

We therefore cannot say that the district court abused its discretion in limiting Swan's testimony as it did.

## 2. CLOSING ARGUMENT

In the second assignment of error, Martindale urges that Weir improperly appealed to local sentiment in an attempt to bolster his case and weaken her case.

In the context presented, the question raised by this assignment of error is one of law, in connection with which we as an appellate court are obligated to reach our own independent conclusion. *J.C. Penney Co. v. Balka, post* p. 521, 577 N.W.2d 283 (1998); *Stoneman v. United Neb. Bank, ante* p. 477, 577 N.W.2d 271 (1998).

Whatever may be the merits of Martindale's contention with respect to the nature of Weir's argument, she acknowledges that she neither objected to Weir's argument nor moved for a mistrial. She also recognizes that in *Wolfe v. Abraham*, 244 Neb. 337, 343, 506 N.W.2d 692, 697 (1993), we reaffirmed that "in order to preserve, as a ground of appeal, an opponent's misconduct during closing argument, the aggrieved party must have objected to the improper remarks no later than at the conclusion of the argument." She urges, however, that this rule be abandoned, complaining that as the result of Weir's misconduct, she was confronted with a Hobson's choice in that if she had successfully objected and the district court had given a curative instruction, the jury's attention would have been focused on the "improper" comment; if, on the other hand, she had successfully objected after the argument but prior to a verdict and a mistrial had been granted, she would have been subjected to the stress and expense of another trial.

Be that as it may, there are a number of avenues for sanctioning a party and counsel who engage in improper argument. We are not prepared to permit a litigant to waive an error, gamble on a favorable verdict, and upon obtaining an unfavorable result, assert the previously waived error. *Wolfe, supra.*

## IV. JUDGMENT

Since the record fails to sustain Martindale's assignments of error, we, as first noted in part I, affirm the judgment of the district court.

AFFIRMED.